Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN LOPEZ, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARRETT MOONEY, <br><br> Defendants. | Case No. 2:21-cv-01810-CAS-E <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF QIAN ZHAO TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL** <br><br> <u>CLASS ACTION</u> <br><br> JUDGE: Christina A. Snyder <br> Hearing Date: June 7, 2021 <br> Time: 10:00 a.m. <br> CTRM: 8D – First Street Courthouse |

[Additional caption on next page]

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF QIAN ZHAO TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:21-cv-01810-CAS-E

| | |
|---|---|
| CRISTIAN JESÚS MERINO MADRID, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARRETT MOONEY,<br><br>Defendants. | No. 2:21-cv-01991-CAS-E<br><br>CLASS ACTION<br><br>JUDGE: Christina A. Snyder |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Movant Qian Zhao ("Movant") respectfully submits this memorandum in support of her motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Federal Rule of Civil Procedure 42(a):

(1)  consolidating the above-captioned actions;

(2)  appointing Movant as Lead Plaintiff for all persons other than Defendants who purchased or otherwise acquired the securities of AgEagle Aerial Systems, Inc. ("AgEagle" or the "Company") between September 3, 2019 and February 18, 2021, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.        PERTINENT BACKGROUND

On February 26, 2021, the above-captioned action styled as *Lopez v. AgEagle Aerial Systems, Inc., et al.*, Case No. 2:21-cv-01810-CAS-E, was commenced against the Company and certain of its executives and directors for violations under the Exchange Act by Rosen Law. That same day, Rosen Law issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case, the Class Period, and the 60-day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

The related action styled as *Madrid v. AgEagle Aerial Systems, Inc., et al.*, Case No. 2:21-cv-01991-CAS-E, was subsequently filed in this District against the same defendants asserting substantially similar facts and claims as the instant action including the same Class Period.

The complaints allege that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and financial results. Specifically, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) AgEagle did not have a partnership with Amazon and in fact never had any relationship with Amazon; (2) rather than correct the public's understanding about a partnership with Amazon, Defendants were actively contributing to the rumor that AgEagle had a partnership with Amazon; and (3) as a result, Defendants' statements about AgEagle's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. When the true details entered the market, the lawsuits claim that investors suffered damages.

3

**ARGUMENT**

## II.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90

4

days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A. Movant is Willing to Serve as Class Representative**

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in her PSLRA certification, Movant attests that she has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

**B. Movant has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class."   15 U.S.C. § 78u-

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF QIAN ZHAO TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:21-cv-01810-CAS-E

4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $68,723.80 on her purchases of AgEagle securities in connection with the alleged fraud at issue. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF QIAN ZHAO TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:21-cv-01810-CAS-E

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and her claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about AgEagle and its business. Movant, as did all of the members of the class, purchased the Company's securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

**D.    Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF QIAN ZHAO TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:21-cv-01810-CAS-E

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant lives in Shanghai, where she works as a designer. Movant graduated from the College of Materials Engineering of Soochow University with a major in Light Chemical Engineering. Movant has over 6 years of investing experience.

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against her that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## IV.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching the class' and Movant's claims including filing the first case and reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions. The firm has prosecuted securities fraud class actions and other complex

8

litigations and have obtained substantial recoveries on behalf of investors. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as Lead Plaintiff of the class; (3) approving The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   April 27, 2021                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Lead Counsel for the Class*

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF QIAN ZHAO TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:21-cv-01810-CAS-E

# CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On April 27, 2021, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF QIAN ZHAO TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 27, 2021.

/s/ Laurence Rosen
Laurence M. Rosen

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF QIAN ZHAO TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:21-cv-01810-CAS-E