**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
445 S. Figueroa Street, Suite 3100
Los Angeles, California 90071
Telephone:  (213) 612-7222
Facsimile:   (212) 214-0506
Email:  fortunato@bespc.com
          passmore@bespc.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN LOPEZ, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARRETT MOONEY, <br><br> Defendants. <br><br> [Caption continued on following page] | Case No. 2:21-cv-01810-CAS <br><br> <u>CLASS ACTION</u> <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE AGEAGLE INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** <br><br> Judge: Honorable Christina A. Snyder <br> Hearing Date: May 24, 2021 <br> Time: 10:00 a.m. <br> Courtroom: Courtroom 8D – 8th Floor |

CRISTIAN JESÚS MERINO MADRID, Individually and on Behalf of All Others Similarly Situated,

          Plaintiff,

          v.

AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARRETT MOONEY,

          Defendants.

Case No. 2:21-cv-01991-CAS

<u>CLASS ACTION</u>

**TABLE OF CONTENTS**

I.      SUMMARY OF ARGUMENT.................................................................... - 1 -

II.     FACTUAL BACKGROUND ...................................................................... - 2 -

III.    ARGUMENT.............................................................................................. - 4 -

        A.      Consolidation of the Actions Is Appropriate ...................................... - 4 -

        B.      The Court Should Appoint Movant as Lead Plaintiff........................... - 5 -

                1.      The Procedure Required by the PSLRA ..................................... - 5 -

                2.      Movant Filed a Timely Motion.................................................. - 7 -

                3.      Movant Has the Largest Financial  Interest in the Relief
                        Sought by the Class.................................................................... - 7 -

                4.      Movant Satisfies the Requirements of Rule 23(a)
                        of the Federal Rules of Civil Procedure ................................... - 8 -

                        a.      Movant's Claims Are Typical of the Claims of the Class  - 9 -

                        b.      Movant Will Adequately Represent the Class .............. - 10 -

        C.      Movant's Choice of Counsel Should Be Approved........................... - 11 -

IV.     CONCLUSION .......................................................................................... - 11 -

# TABLE OF AUTHORITIES

**Cases**

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ................................................................................1, 6

*Crawford v. Honig*,
37 F.3d 485 (9th Cir. 1994) ...................................................................................10

*Deinnocentis v. Dropbox, Inc.*,
19-CV-06348-BLF, 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020)...........8

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004)...............................................................................9

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ...................................................................................9

*Hufnagle v. Rino Int'l Corp.*,
No. CV 10-8695-VBF(VBKx), 2011 U.S. Dist. LEXIS 19771
(C.D. Cal. Feb. 14, 2011)...........................................................................................5

*Karinski v. Stamps.com, Inc.*,
No. CV 19-1828-R, 2019 U.S. Dist. LEXIS 227879
(C.D. Cal. June 5, 2019) ..........................................................................................10

*Osher v. Guess? Inc.*,
No. 01-cv-00871, 2001 U.S. Dist. LEXIS 6057
(C.D. Cal. Apr. 26, 2001) ......................................................................................9, 11

*Richardson v. TVIA*,
No. 06-cv-06304 RMW, 2007 U.S. Dist. LEXIS 28406
(N.D. Cal. Apr. 16, 2007) ..........................................................................................8

*Russo v. Finisar Corp.*,
No. 5:CV 11-01252-EJD, 2011 U.S. Dist. LEXIS 124593
(N.D. Cal. Oct. 27, 2011)............................................................................................5

*Takeda v. Turbodyne Techs., Inc.*,
67 F. Supp. 2d 1129 (C.D. Cal. 1999) ......................................................................8

*Vataj v. Johnson*,
  No. 19-CV-06996-HSG, 2020 U.S. Dist. LEXIS 21039
  (N.D. Cal. Feb. 3, 2020) ....................................................................................9

*Waterford Twp. Police v. Mattel, Inc.*,
  No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452
  (C.D. Cal. Sept. 29, 2017) ................................................................................6

*Weisz v. Calpine Corp.*,
  No. CV 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831
  (N.D. Cal. Aug. 19, 2002) ................................................................................5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)....................................................................................6

15 U.S.C. § 78u-4(a)(3)(B).............................................................................passim

**Rules**

Fed. R. Civ. P. 23(a) .......................................................................................passim

Fed. R. Civ. P. 42(a) ...................................................................................4, 5

## I.   SUMMARY OF ARGUMENT

Presently pending before the Court are two securities class action lawsuits[1] brought on behalf of all persons or entities other than Defendants (defined herein) that purchased or otherwise acquired AgEagle Aerial Systems, Inc. ("AgEagle" or the "Company") securities between September 3, 2019 and February 18, 2021, inclusive (the "Class Period").  Plaintiffs in the Action allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its senior officers.[2]

The Private Securities Litigation Reform Act of 1995 (the "PSLRA"), as amended, 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  Movants Liyuan Wei, Bruce Morgan, and Richard Allen (the "AgEagle Investor Group" or "Movant") lost approximately $17,409.69 as a result of the alleged fraud during the Class Period.  Movant believes that it has the largest financial interest in the outcome of the Action.[3]  Moreover,

---

[1]  The actions pending in this Court include: *Lopez v. AgEagle Aerial Systems, Inc., et al.*, Case No. 1:21-cv-01810, filed on February 26, 2021 (the "*Lopez* Action") and *Madrid v. AgEagle Aerial Systems, Inc., et al.*, Case No. 1:21-cv-01991, filed on March 4, 2021 (the "*Madrid* Action") (together, the "Action").

[2]  Specifically, plaintiffs allege violations of Sections 10(b) and 20(a) of the Exchange Act and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder against AgEagle, Chief Executive Officer ("CEO") J. Michael Drozd ("Drozd"), Chief Financial Officer Nicole Fernandez-McGovern, founder Bret Chilcott ("Chilcott"), and former CEO Barrett Mooney (collectively, "Defendants").

[3]  Signed certifications identifying the transactions of each member of the AgEagle Investor Group during the Class Period, as required by the PSLRA, as well as a chart identifying their losses, and a joint declaration executed by the AgEagle Investor

Movant satisfies the requirements of Rule 23 in that its claims are typical of the claims of the Class, and that it will fairly and adequately represent the interests of the Class.[4]  As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that:  (1) the above-captioned actions be consolidated; (2) Movant be appointed Lead Plaintiff; and (3) its selection of Bragar Eagel & Squire, P.C. ("BES") be approved as Lead Counsel.

## II.    FACTUAL BACKGROUND

AgEagle is a commercial drone company.  ¶ 7.[5]  The Company is engaged in the design, engineering, and manufacturing of commercial drones, as well as in providing drone services and solutions to the agriculture industry.  *Id.*  AgEagle is a Nevada corporation headquartered in Wichita, Kansas.  *Id.*  AgEagle's common stock trades on the New York Stock Exchange under the ticker symbol "UAVS."  *Id.*

On September 3, 2019, AgEagle issued a press release stating that the Company was entering the commercial drone package delivery market and that the Company had received initial purchase orders and testing was underway.  ¶¶ 17-18.

On April 13, 2020, AgEagle filed its annual report on Form 10-K with the SEC for the fiscal year ending on December 31, 2019 (the "2019 10-K").  ¶ 19.  The 2019

Group members evidencing their intention to pursue the Action in a cohesive and collaborative manner, are attached to the accompanying Declaration of Melissa A. Fortunato ("Fortunato Decl." or "Fortunato Declaration"), as Exhibits 1, 2, and 3, respectively.

[4]  The "Class" consists of all investors, other than Defendants, who purchased or otherwise acquired AgEagle securities during the Class Period.

[5] Citations to "¶__" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Laws filed in the *Lopez* Action, the first-filed action (the "Complaint").  The facts set forth in the Complaint are incorporated herein by reference.

10-K expanded on the September 3, 2019 press release by specifying that the first purchase order was from "a major unnamed ecommerce company." *Id*.

On April 15, 2020, AgEagle issued a press release stating that the Company received follow-on purchase orders to manufacture commercial drones for package delivery from a major ecommerce company. ¶ 20.

On April 29, 2020, news broke of a video posted by defendant Chilcott's daughter showing how to safely unbox the drones and included the logos of AgEagle and Amazon side-by-side. ¶ 21. News of this video led to widespread speculation that AgEagle's "major unnamed ecommerce" partner was Amazon, causing AgEagle's common stock to skyrocket from an opening price of $0.95 on April 29, 2020, to a high of $5.15 in intraday trading on April 30, 2020. ¶ 22.

On July 7, 2020, defendant Drozd released a letter to shareholders announcing the Company's expansion to a facility in Wichita, Kansas. ¶ 23. The announcement of this new location led to public speculation that the Company's ecommerce partner was Amazon given its incredibly close proximity to Amazon's future distribution center just down the road. ¶¶ 24-26.

On September 9, 2020, the Company filed an investor presentation with the SEC in which it continued to exploit the Amazon rumor for its own gain, claiming on the introductory slide that "U.S.-based AgEagle will be a leading commercial drone technology, services and solutions provider worldwide," and on the very next slide writing that "Amazon has taught the world to be impatient; people want things faster and cheaper." ¶ 27. AgEagle attempted to hide behind a contractual non-disclosure agreement so that the Company would not have to disclose the true identity of its ecommerce partner. ¶¶ 28-29.

On October 14, 2020, news broke that Amazon did not have a partnership agreement with AgEagle, and in fact never did. ¶ 31.

The Company made materially false and/or misleading statements because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them.   Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) AgEagle did not have a partnership with Amazon and in fact never had any relationship with Amazon; (2) rather than correct the public's understanding about a partnership with Amazon, Defendants were actively contributing to the rumor that AgEagle had a partnership with Amazon; and (3) as a result, Defendants' statements about AgEagle's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.  ¶ 30.

On February 18, 2021, Bonitas Research published a report revealing that AgEagle "was a pump & dump scheme orchestrated by . . . AgEagle founder and former chairman Bret Chilcott and other UAVS insiders to defraud US investors." ¶ 32.

On this news, shares of AgEagle, fell $5.13, or 36.4%, to close at $8.96 on February 18, 2021, damaging investors.  ¶ 33.

## III.   ARGUMENT

### A.   Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter is filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."   15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a);

*Russo v. Finisar Corp.*, No. 5:CV 11-01252-EJD, 2011 U.S. Dist. LEXIS 124593, at *8 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated"). "Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money." *Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBF(VBKx), 2011 U.S. Dist. LEXIS 19771, at *6-7 (C.D. Cal. Feb. 14, 2011); *Weisz v. Calpine Corp.*, No. CV 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831, at *11-12 (N.D. Cal. Aug. 19, 2002) (consolidating cases alleging claims under the Securities Act of 1933 and the Exchange Act). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The actions here present similar factual and legal issues, as they involve the same subject matter and are based on the same wrongful course of conduct. The actions name the same parties as Defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to both actions. Accordingly, consolidation under Rule 42(a) is appropriate. *Rino*, 2011 U.S. Dist. LEXIS 19771, at *6-7.

**B.      The Court Should Appoint Movant as Lead Plaintiff**

**1.      The Procedure Required by the PSLRA**

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A).  The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.    15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30; *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*, No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452, at *8 (C.D. Cal. Sept. 29, 2017).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Cavanaugh*, 306 F.3d at 741.  *See also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against it.  Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### 2.      Movant Filed a Timely Motion

On February 26, 2021, counsel in the *Lopez* Action, the first-filed action, caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed and advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action.[6]  Pursuant to the PSLRA and within the requisite time frame after publication of the required Notice, the AgEagle Investor Group timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

### 3.      Movant Has the Largest Financial Interest in the Relief Sought by the Class

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action.  As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class.  *See* Fortunato Decl., Ex. 2.  The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.

During the Class Period, Movant purchased AgEagle securities in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby.  Movant suffered a substantial loss of approximately $17,409.69.  *See* Fortunato Decl., Ex. 2.  Movant thus has a significant financial interest in the outcome of the Action.  To the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

---

[6]   The Notice was published over *Business Wire*, a widely circulated national business-oriented wire service.  A copy of the Notice is attached as Exhibit 4 to the Fortunato Declaration.

### 4. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732; *Deinnocentis v. Dropbox, Inc.*, 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *11 (N.D. Cal. Jan. 16, 2020); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136-37 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *15 (N.D. Cal. Apr. 16, 2007).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

### a.   Movant's Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class."  Movant meets the typicality requirement of Rule 23 because:  (i) it suffered the same injuries as the absent Class members; (ii) it suffered as a result of the same course of conduct by Defendants; and (iii) its claims are based on the same legal issues.  *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Vataj v. Johnson*, No. 19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039, at *6 (N.D. Cal. Feb. 3, 2020).  Rule 23 does not require that the named plaintiff be identically situated with all class members.  It is enough if their situations share a common issue of law or fact.  *See Vataj*, 2020 U.S. Dist. LEXIS 21039, at *6; *Osher v. Guess?, Inc.*, No. CV 01-cv-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *13 (C.D. Cal. Apr. 26, 2001) ("[C]laims are typical if they are reasonably co-extensive with those of the absent class members; they need not be substantially identical.") (citations omitted).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members.  Movant, like the other members of the Class, acquired AgEagle securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby.  Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and its losses resulted from Defendants' common course of wrongful conduct.  Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).  *See id.*; *Osher*, 2001 U.S. Dist. LEXIS 6057, at *13.

### b.   Movant Will Adequately Represent the Class

Movant is an adequate representative for the Class.  Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative class and whether there is evidence of any antagonism between the interests of the movant and other members of the class.  15 U.S.C. § 78u-4(a)(3)(B); *Karinski v. Stamps.com, Inc.*, No. CV 19-1828-R, 2019 U.S. Dist. LEXIS 227879, at *4 (C.D. Cal. June 5, 2019); *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class.  Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant also has a significant and compelling interest in prosecuting the Action based on the large financial losses it suffered as a result of the wrongful conduct alleged in the Action.  This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class.  *See Crawford*, 37 F.3d at 487 (citation omitted).

In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, it is

therefore the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Action.

### C.    Movant's Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Osher*, 2001 U.S. Dist. LEXIS 6057, at *15.

Movant has selected and retained BES as proposed Lead Counsel for the Class. The members of BES have extensive experience in successfully prosecuting complex securities class actions such as this, and are well-qualified to represent the Class. *See* Fortunato Decl., Ex. 5 (BES firm résumé).

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the actions; (2) appoint Movant as Lead Plaintiff for the Class; (3) approve BES as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: April 27, 2021                    Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

/s/ *Melissa A. Fortunato*
Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
445 S. Figueroa Street, Suite 3100
Los Angeles, California 90071
Telephone:  (213) 612-7222
Facsimile:   (212) 214-0506
Email:  fortunato@bespc.com
            passmore@bespc.com

*Counsel for Movant and
Proposed Lead Counsel for the Class*

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above cases and am over eighteen years old.  On April 27, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 27th day of April, 2021.

> /s/ Melissa A. Fortunato
> Melissa A. Fortunato

MEMO P&As ISO OF THE AGEAGLE INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Case No. 2:21-cv-01810-CAS
- 12 -