**THE WAGNER FIRM**
Avi Wagner(Cal. Bar No. 226688)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-491-7949
Facsimile: 310-694-3967

*Counsel for Movant and Proposed Liaison*
*Counsel for the Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAWN LOPEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARRETT MOONEY,<br><br>Defendants. | Case No. 2:21-cv-01810-CAS-CFE<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF IESADA NARIYOSHI FOR CONSOLIDATION OF THE RELATED ACITONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:   Hon. Christina A Snyder<br>Date:    June 7, 2021<br>Time:    10:00 AM<br>Crtrm:   8D |

00618583;V2

CHRISTIAN JESÚS MERINO MADRID, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARRETT MOONEY,

Defendants.

Case No: 2:21-cv-01991-CAS-CFE

00618583;V2

Movant Iesada Nariyoshi ("Movant") respectfully submits this memorandum of points and authorities in support of his motion for: (a) consolidation of the Related Actions; (b) appointment as Lead Plaintiff for the proposed Class, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (c) approval of Movant's selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and the Wagner Firm as Liaison Counsel for the proposed Class.

## PRELIMINARY STATEMENT

Presently pending in this Court are the above-captioned securities class action lawsuits (the "Actions") alleging violations of the Exchange Act brought on behalf of a proposed class of shareholders that purchased or otherwise acquired AgEagle Aerial Systems, Inc. ("AgEagle" or the "Company") securities between September 3, 2019 and February 18, 2021, inclusive (the "Class Period").

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action. The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that he or she is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

Movant, a resident of California with 10 years of investing experience, satisfies these requirements. First, Movant has a large financial interest in the Action as he lost $19,451.76 on his purchases of AgEagle securities during the Class Period. Movant's substantial financial interest will ensure his vigorous prosecution of the Class' claims. Second, Movant satisfies Federal Rules 23(a)(3) and (a)(4) as his claims are typical of the claims of the Class and Movant will fairly and adequately represent the interests of the Class. Additionally, Movant

00618583;V2

has selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, for the reasons discussed below, Movant respectfully requests that the Court grant his motion to appoint him as Lead Plaintiff, and approve his choice of counsel.

## SUMMARY OF THE COMPLAINT

AgEagle purports to be a commercial drone company.  According to AgEagle's website, the Company is engaged in the design, engineering and manufacturing of commercial drones, as well as in providing drone services and solutions to the agriculture industry.

The complaint alleges that Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) AgEagle did not have a partnership with Amazon and in fact never had any relationship with Amazon; (2) rather than correct the public's understanding about a partnership with Amazon, Defendants were actively contributing to the rumor that AgEagle had a partnership with Amazon; and (3) as a result, Defendants' statements about AgEagle's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On February 18, 2021, Bonitas Research published a report revealing that AgEagle "was a pump & dump scheme orchestrated by… AgEagle founder and former chairman Bret Chilcott and other UAVS insiders to defraud US investors."

On this news, shares of AgEagle, fell $5.13, or 36.4% to close at $8.96 on February 18, 2021.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

00618583;V2

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the Related Actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Actions alleges substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly the Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.  THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A. The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act or the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative

00618583;V2

class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person or group that:

i)   has either filed the complaint or made a motion in response to an Early Notice;

ii)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth herein, Movant meets the foregoing criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

**B.   Movant is the Most Adequate Plaintiff**

Movant respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, believes

00618583;V2

he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### 1.    Movant's Motion is Timely

On February 26, 2021, the Early Notice was published via *Business Wire*. *See* Declaration of Avi Wagner ("Wagner Decl."), Exhibit A. Accordingly, putative class members had until April 27, 2021 to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.")

Movant has timely filed this motion in response to the Early Notice. Additionally, he has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A) attesting to his review of the complaint in this action and his willingness to serve as the representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Wagner Decl., Ex. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.    Movant Believes He Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant suffered losses of $19,451.76 in connection with his purchases of AgEagle securities during the Class Period. *See* Wagner Decl., Ex. C. Movant is not aware of any other movant that has suffered greater losses in AgEagle securities during the Class Period. Accordingly, Movant believes that he has the largest financial interest in this litigation.

00618583;V2

### 3.    Movant Satisfies the Requirements of Fed. R. Civ. P. 23

Once a movant has demonstrated that he has the largest financial interest, it need only make a *prima facie* showing of its typicality and adequacy. *See In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Movant satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the only Rule 23 provisions relevant to a determination of Lead Plaintiff under the PSLRA. *Id*.

### a.    Movant's Claims Are Typical of Those of the Class

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992) (citation omitted).

Movant's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by Defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and
- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Movant as to all members of the Class. Since Movant's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### b. Movant Will Fairly and Adequately Protect the Interests of the Class

00618583;V2

In determining whether the adequacy requirement is met, courts in this Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Movant, an investor residing in the state of California with 10 years of investing experience, is an adequate Lead Plaintiff.  Movant and members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Movant's substantial financial stake in the litigation, Class members can be assured that he has the incentive to vigorously prosecute the claims.

Additionally, Movant has demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel and The Wagner Firm as Liaison Counsel for the proposed Class. As discussed more fully below, these firms are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated their ability to prosecute complex securities class action lawsuits.

## II. THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Wagner Decl., Ex. D (Firm Résumé of Bernstein Liebhard).  Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

00618583;V2

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country.  Some of the firm's most recent Lead Counsel appointments include *In re Hexo Corp Sec. Litig.*, No. 1:19-cv-10965-NRB (S.D.N.Y.); *Stirling v. Ollie's Bargain Outlet Holdings Inc.*, No. 1:19-cv-08647-JPO (S.D.N.Y.); and *In re Fiat Chrysler Automobiles N.V. Sec. Litig.*, No. 1:19-cv-06770-ERK (E.D.N.Y.). Bernstein Liebhard was also recently appointed by the Court as Lead Counsel in *Chupa v. Armstrong Flooring Inc.*, No. 2:19-cv-09840-CAS (C.D. Cal.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country.  In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years.  Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes as Lead Counsel and Co-Lead Counsel include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);
- *City of Austin Police Retirement System v. Kinross Gold Corporation*, No. 1:12-cv-01203-VEC (S.D.N.Y. 2016) ($33 million settlement);
- *In re Tower Group International, Ltd. Sec. Litig.*, No. 1:13-cv-05852-AT (S.D.N.Y. 2015) ($20.5 million settlement);

00618583;V2

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Similarly, The Wagner Firm has extensive class action litigation experience. *See* Wagner Decl. Ex. E.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions, (2) appoint him as Lead Plaintiff of the consolidated Actions, and all subsequently-filed, related actions; and (3) approve his selection of Bernstein Liebhard as Lead Counsel and The Wagner Firm as Liaison Counsel.

00618583;V2

Respectfully submitted,

DATED: April 27, 2021

By:  */s/ Avi Wagner*
     Avi Wagner

**THE WAGNER FIRM**
Avi Wagner (Cal. Bar No. 226688)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-491-7949
Facsimile: 310-694-3967

*Counsel for Movant and Proposed Liaison Counsel for the Proposed Class*


**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson (*pro hac vice* to be filed)
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email:  *lhasson@bernlieb.com*

*Counsel for Movant and Proposed Lead Counsel for the Proposed Class*

00618583;V2

MEMO OF P&A ISO MOTION OF IESADA NARIYOSHI FOR CONSOLID. OF REL. ACTIONS, APPOINT. LEAD PLAINTIFF AND APPROVAL OF COUNSEL
Case No. 2:21-cv-01810-Page 10

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07**

I HEREBY CERTIFY that, on April 27, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 27, 2021.

*/s/Avi Wagner*
Avi Wagner

00618583;V2