**ROSMAN & GERMAIN LLP**
DANIEL L. GERMAIN (Cal. Bar #143334)
  germain@lalawyer.com
16311 Ventura Boulevard, Ste. 1200
Encino, CA 91436
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
NAUMON A. AMJED
  namjed@ktmc.com
RYAN T. DEGNAN
  rdegnan@ktmc.com
KARISSA J. SAUDER
  ksauder@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Johnavo Chris Bradley and
Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| SHAWN LOPEZ, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARRETT MOONEY, <br><br> Defendants. | No. 2:21-cv-01810 CAS (Ex) <br><br> <u>CLASS ACTION</u> <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** <br><br> Date:          June 7, 2021 <br> Time:          10:00 a.m. <br> Courtroom:  8D <br> Judge:        Hon. Christina A. Snyder <br><br> <u>ORAL ARGUMENT REQUESTED</u> |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

CRISTIAN JESÚS MERINO MADRID, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARRETT MOONEY,

Defendants.

No. 2:21-cv-01991 CAS (Ex)

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ........................................................................ 1

II.   FACTUAL BACKGROUND ........................................................................... 2

III.  ARGUMENT .................................................................................................. 4

      A.   The Related Actions Should Be Consolidated ........................................ 4

      B.   Mr. Bradley Is the Most Adequate Plaintiff .......................................... 5

            1.   Mr. Bradley's Motion Is Timely .................................................. 6

            2.   Mr. Bradley Has the Largest Financial Interest in the
Relief Sought by the Class ........................................................... 6

            3.   Mr. Bradley Satisfies the Relevant Requirements of
Rule 23 ........................................................................................ 7

                a.   Mr. Bradley Is Typical .................................................... 7

                b.   Mr. Bradley Is Adequate ................................................. 8

      C.   Mr. Bradley's Selection of Counsel Should Be Approved ..................... 9

IV.   CONCLUSION .............................................................................................. 11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrade v. Am. Apparel, Inc.*,
    No. 10-06352 MMM, 2011 WL 13130706 (C.D. Cal. Mar. 15, 2011) ...4, 6-7, 7, 8

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ..........................................................................*passim*

*In re Cohen v. U. S. Dist. Ct. for the N. Dist. of Cal.*,
    586 F.3d 703 (9th Cir. 2009) ................................................................................ 9

**Statutes**

15 U.S.C. § 78u-4(a) ....................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 23(a) ...................................................................................... 7, 8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

ii

Johnavo Chris Bradley ("Mr. Bradley") respectfully submits this Memorandum of Points and Authorities in Support of his motion (the "Motion") for: (1) consolidation of the above-captioned actions (the "Related Actions") pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)"); (2) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (3) approval of his selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class and Rosman & Germain LLP ("Rosman & Germain") as Liaison Counsel for the class; and (4) any such further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

The Related Actions are two related securities class actions brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), against AgEagle Aerial Systems, Inc. ("AgEagle" or the "Company") and certain of the Company's current and former executive officers (collectively, "Defendants"). The Related Actions are brought on behalf of a proposed class of all persons or entities who purchased or otherwise acquired publicly traded AgEagle securities between September 3, 2019, and February 18, 2021, inclusive (the "Class Period"). As detailed below, the Related Actions involve common issues of law and fact and should be consolidated pursuant to Rule 42(a). *See* Section III.A., *infra*.

After consolidation, the PSLRA allows any member of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant is the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Under the PSLRA, the Court must appoint as lead plaintiff the movant who: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation;

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

1

and (3) otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Bradley respectfully submits that he is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff.  Mr. Bradley's Motion is timely and his loss of approximately $77,852 on a last-in, first-out ("LIFO") basis in connection with his transactions in AgEagle securities during the Class Period represents the largest known financial interest in the relief sought by the class.  *See* Declaration of Daniel L. Germain ("Germain Decl."), Exs. A-B.  In addition to asserting the largest financial interest, Mr. Bradley easily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class.

Lastly, Mr. Bradley has retained experienced and competent counsel to represent the class.  As the "most adequate plaintiff" under the PSLRA, Mr. Bradley's selection of Kessler Topaz as Lead Counsel and Rosman & Germain as Liaison Counsel for the class should be approved.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff")(citations omitted).

## II.    FACTUAL BACKGROUND

AgEagle, a Nevada corporation with principal executive offices in Wichita, Kansas, is a commercial drone company.  As is relevant here, AgEagle announced in September 2019 and April 2020 that it had received its first purchase order—"from a major unnamed ecommerce company"—to manufacture and assemble unmanned aerial vehicles ("UAVs") for the delivery of goods.

The Related Actions allege that, throughout the Class Period, Defendants made materially false and misleading statements and failed to disclose material adverse facts about the Company's business and operations.  Among other things, Defendants

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

2

misrepresented and/or failed to disclose that Amazon.com, Inc. ("Amazon") was not the "major unnamed ecommerce company" behind AgEagle's first purchase order, and that AgEagle never had any relationship with Amazon.  Indeed, rather than correct the public's misunderstanding about a partnership with Amazon, Defendants actively contributed to the rumor that AgEagle had a partnership with Amazon.  As a result, Defendants' statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

Investors began to learn the truth on October 14, 2020, when the *Wichita Business Journal* reported that Amazon had told the news outlet that "there is no partnership and that Amazon, to date, has not worked with AgEagle in any capacity." The article further detailed how the marketplace had speculated that AgEagle's major customer was Amazon—and how AgEagle had refused to confirm or deny the rumors, instead citing a contractual obligation to "maintain the confidentiality of this relationship."  On this news, the price of Company stock declined $0.09 per share, or approximately 3.8%, from a close of $2.39 per share on October 13, 2020, to close at $2.30 per share on October 14, 2020.

Then, on February 18, 2021, Bonitas Research LLC ("Bonitas Research") published a report (the "Bonitas Report") reiterating the news reported by the *Wichita Business Journal* **and** alleging that AgEagle insiders had engaged in a pump-and-dump scheme by exploiting a since-removed YouTube video (the "Promo Video") that had displayed AgEagle's logo next to Amazon's logo.  The Bonitas Report also cited the online circulation of an anonymous "due diligence document" that "referenced the Promo Video and suggested that . . . AgEagle's partnership with Amazon was real." Critically, the Bonitas Report also "found no evidence of any 'major e-commerce customer.'"  On this news, the price of Company stock declined $5.13 per share, or

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-01810 CAS (Ex), *ET AL*.

3

approximately 36.4%, from a close of $14.09 per share on February 17, 2021, to close at $8.96 per share on February 18, 2021.

**III.   ARGUMENT**

**A.   The Related Actions Should Be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."   15 U.S.C. § 78u-4(a)(3)(B)(ii).

Here, there are at least two related securities class actions asserting claims under the federal securities laws on behalf of investors:

| Case Caption | Date Filed | Claims/Class Period |
|---|---|---|
| *Lopez v. AgEagle Aerial Systems, Inc., et al.*, No. 2:21-cv-01810 CAS (Ex) | February 26, 2021 | Sections 10(b) and 20(a) of the Exchange Act; September 3, 2019, through February 18, 2021 |
| *Madrid v. AgEagle Aerial Systems, Inc., et al.*, No. 2:21-cv-01991 CAS (Ex) | March 4, 2021 | Sections 10(b) and 20(a) of the Exchange Act; September 3, 2019, through February 18, 2021 |

Consolidation is appropriate under Rule 42(a) where the actions involve common questions of law or fact.  *See Andrade v. Am. Apparel, Inc.*, No. 10-06352 MMM (PJWx), 2011 WL 13130706, at *3 (C.D. Cal. Mar. 15, 2011) (quoting Rule 42(a)).   Here, the Related Actions assert claims under the Exchange Act against identical defendants, across identical class periods, and concerning the same conduct. Accordingly, consolidation is appropriate.  *See id.* (citing prior order consolidating four related actions asserting claims under the federal securities laws).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-01810 CAS (Ex), *ET AL*.

4

## B. Mr. Bradley Is the Most Adequate Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i); *see also Cavanaugh*, 306 F.3d at 729 (discussing the process for selecting a lead plaintiff under the PSLRA).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *Id*. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the movant that the court determines to be most capable of adequately representing the interests of class members. *See id*. § 78u-4(a)(3)(B)(i); *see also Cavanaugh*, 306 F.3d at 729-32. In selecting the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

5

(cc) otherwise satisfies the requirements of Rule 23 of the

Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Mr. Bradley is the "most adequate plaintiff" because he: (1) timely moved for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this Motion. *Id.*

### 1.    Mr. Bradley's Motion Is Timely

The PSLRA allows any member of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed. *See id*. § 78u-4(a)(3)(A)(i)(II).  Here, in connection with the filing of the first-filed action, *Lopez v. AgEagle Aerial Systems, Inc., et al.*, No. 2:21-cv-01810 CAS (Ex), notice was published on February 26, 2021, in *Business Wire*, alerting investors to the pendency of the action and information them of the April 27, 2021 deadline to seek appointment as Lead Plaintiff.  *See* Germain Decl., Ex. C.  Therefore, Mr. Bradley's Motion is timely.

### 2.    Mr. Bradley Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA presumes that the movant asserting the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 729-32.  Here, Mr. Bradley suffered losses of approximately $77,852 on a LIFO basis in connection with his Class Period transactions in AgEagle securities.  *See* Germain Decl., Exs. A-B; *see also Andrade*, 2011 WL 13130706, at *5, *14 (appointing as lead plaintiff the individual investor who sustained the largest

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

6

losses). To the best of Mr. Bradley's knowledge, there are no other lead plaintiff movants asserting a larger financial interest in this litigation.

### 3. Mr. Bradley Satisfies the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Rule 23(a) provides that a party may serve as a class representative if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). However, at this stage of litigation, a movant need only make "a prima facie showing that he satisfies the [typicality and adequacy] requirements of Rule 23." *Andrade*, 2011 WL 13130706, at *5 (citations omitted); *see also Cavanaugh*, 306 F.3d at 729-31.

### a. Mr. Bradley Is Typical

The typicality requirement is satisfied where the movant's claims "arise[] from the same . . . practice or course of conduct that gives rise to the claims of the other class members and . . . [are] based on the same legal theory." *Andrade*, 2011 WL 13130706, at *6 (ellipses in original). Moreover, "claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Id*. (citation omitted). Mr. Bradley satisfies the typicality requirement because, just like all other proposed class members, Mr. Bradley seeks recovery for the losses on his investments in AgEagle securities that he incurred as a result of Defendants' misrepresentations and omissions. Thus, Mr. Bradley's claims

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

7

arise from the same conduct as those of the other class members and he satisfies Rule 23's typicality requirement.  *See id.*

### b.    Mr. Bradley Is Adequate

The adequacy element of Rule 23 requires that the Lead Plaintiff "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Thus, the adequacy element is satisfied where:  (1) the movant has "a sufficient interest in the outcome of the case to ensure vigorous advocacy"; (2) the movant's "interests are not antagonistic to the interests of absent class members"; and (3) the movant's proposed "counsel for the class is qualified and competent."  *Andrade*, 2011 WL 13130706, at *7.

Here, Mr. Bradley is adequate because his interest in aggressively pursuing claims against Defendants is aligned with the interests of other class members who were similarly harmed as a result of Defendants' false and misleading statements. There is no antagonism or potential conflict between Mr. Bradley's interests and those of the other members of the class, and Mr. Bradley is fully committed to vigorously pursuing the claims on behalf of the class.  Moreover, as set forth in the Declaration of Johnavo Chris Bradley, Mr. Bradley fully understands the Lead Plaintiff's responsibilities and obligations to the class under the PSLRA, which include acting as a fiduciary for all class members, staying informed about the litigation, participating in court proceedings, depositions, settlement mediations, and hearings as needed, and communicating regularly with counsel, including reviewing and authorizing the filing of important litigation documents, and is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this Action.  *See* Germain Decl., Ex. D.  Additionally, Mr. Bradley—who has an executive master's degree from the Wharton School of the University of Pennsylvania and is a Senior Director of

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

8

Operations at a major U.S. corporation—is well-suited to oversee the work of Lead Counsel. *See id.*

Further, Mr. Bradley has demonstrated his adequacy through his selection of Kessler Topaz to serve as Lead Counsel for the class and Rosman & Germain as Liaison Counsel for the class. As discussed more fully below, Kessler Topaz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex actions in an efficient, effective, and professional manner. Similarly, Rosman & Germain is well qualified to represent the class as Liaison Counsel.

### C. Mr. Bradley's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff") (citations omitted). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See In re Cohen v. U. S. Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice") (citations omitted).

Here, Mr. Bradley has selected and retained Kessler Topaz to serve as Lead Counsel for the class. Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Germain Decl., Ex. E. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

9

*(ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery). Kessler Topaz is also currently serving as lead or co-lead counsel in several high profile securities class actions across the country, including: *Sjunde AP-Fonden v. The Goldman Sachs Group, Inc.,* No. 18-cv-12084 (VSB) (S.D.N.Y.); *In re Kraft Heinz Securities Litigation*, No. 19-cv-1339 (RMD) (N.D. Ill.); and *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.). Additionally, Kessler Topaz has substantial experience prosecuting securities actions in this District, including: *In re Snap Inc. Securities Litigation*, No. 17-cv-3679-SVW-AGR (C.D. Cal.) ($154 million recovery); and *In re Allergan, Inc. Proxy Violation Securities Litigation*, No. 14-cv-2004-DOC-KES (C.D. Cal.) ($250 million recovery).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class actions to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr. *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Finally, Rosman & Germain has substantial experience litigating complex actions and is well qualified to represent the class as Liaison Counsel. *See* Germain Decl., Ex. F.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

10

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve Mr. Bradley's selection of Kessler Topaz as Lead Counsel for the class and Rosman & Germain as Liaison Counsel for the class.

## IV.    CONCLUSION

For the reasons set forth above, Mr. Bradley respectfully requests that the Court: (1) consolidate the above-captioned Related Actions; (2) appoint Mr. Bradley as Lead Plaintiff; (3) approve Mr. Bradley's selection of Kessler Topaz as Lead Counsel and Rosman & Germain as Liaison Counsel for the class; and (4) grant such other relief as the Court may deem just and proper.

Dated: April 27, 2021                                    Respectfully submitted,

**ROSMAN & GERMAIN LLP**

/s/ Daniel L. Germain
DANIEL L. GERMAIN (Cal. Bar # 143334)
    germain@lalawyer.com
16311 Ventura Boulevard, Ste. 1200
Encino, CA 91436
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
NAUMON A. AMJED
    namjed@ktmc.com
RYAN T. DEGNAN
    rdegnan@ktmc.com
KARISSA J. SAUDER
    ksauder@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Johnavo Chris Bradley and Proposed Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

11