POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Movants*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN LOPEZ, Individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARRETT MOONEY,<br><br>                    Defendants. | Case No. 2:21-cv-01810-CAS-E<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF IESADA NARIYOSHI AND JOSEPH SAMIA FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF COUNSEL<br><br>DATE:  June 7, 2021<br>TIME:   10:00 a.m.<br>JUDGE:  Christina A. Snyder<br>CTRM:  8D, 8th Floor |
| CRISTIAN JESÚS MERINO MADRID, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARRETT MOONEY,<br><br>                    Defendants. | Case No. 2:21-cv-01991-CAS-E |

MEMORANDUM OF POINTS AND AUTHORITIES

## **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ...........................................................................1

II.     STATEMENT OF FACTS ................................................................................3

III.    ARGUMENT ......................................................................................................5

        A.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR
               ALL PURPOSES ...................................................................................5

        B.     MOVANTS SHOULD BE APPOINTED CO-LEAD PLAINTIFFS ......7

               1.     Movants Are Willing to Serve as Class Representatives ...................8

               2.     Movants Have the "Largest Financial Interest" ..................................9

               3.     Movants Otherwise Satisfy the Requirements of Rule 23 of the
                      Federal Rules of Civil Procedure ......................................................... 10

               4.     Movants Will Fairly and Adequately Represent the Interests of
                      the Class and Are Not Subject to Unique Defenses.......................... 13

        C.     CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD
               BE APPROVED ..................................................................................14

IV.     CONCLUSION..................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF,
   2014 U.S. Dist. LEXIS 111869 (N.D. Cal. Aug. 11, 2014) ...................................... 11

*Bassin v. Decode Genetics, Inc.*,
   230 F.R.D. 313 (S.D.N.Y. 2005) .................................................................................. 7

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ................................................................................. 6

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK,
   2012 U.S. Dist. LEXIS 2776 (N.D. Cal. Jan. 9, 2012)................................................ 9

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1992) ..................................................................................... 11

*Hessefort v. Super Micro Comput., Inc.*,
   317 F. Supp. 3d 1056 (N.D. Cal. 2018) ..................................................................... 11

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
   2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009)........................................ 6, 7

*In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK,
   2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25, 2017)........................................... 11

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) ................................................................................. 6

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990) ...................................................................................... 6

*Knox v. Yingli Green Energy Holding Co.*,
   136 F. Supp. 3d 1159 (C.D. Cal. 2015) .................................................................. 9, 10

*Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ......................................... 9, 10

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993) ....................................................................................... 6

*Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*,
 2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013) ........................................9, 10

*Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx),
 2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) .............................................14

*Richardson v. TVIA, Inc.*, No. C-06-06304 RMW,
 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007)............................................11

*Staton v. Boeing Co.*,
 327 F.3d 938 (9th Cir. 2003) ..............................................................................12

## Statutes

15 U.S.C. § 78u-4.....................................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ......................................................*passim*

## Rules

Federal Rule of Civil Procedure 23 ............................................................................*passim*

Federal Rule of Civil Procedure 42 .............................................................................. 1, 6

Movants Iesada Nariyoshi and Joseph Samia (collectively, "Movants") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42 ("Rule 42"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Movants as Co-Lead Plaintiffs on behalf of persons or entities who purchased or otherwise acquired AgEagle Aerial Systems, Inc. ("AgEagle" or the "Company") securities between September 3, 2019 and February 18, 2021, inclusive (the "Class Period") (the "Class"); and (3) approving Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## I.    PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that AgEagle and certain of its officers defrauded investors in violation of the Exchange Act.  AgEagle investors, including Movants, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of AgEagle securities to fall sharply, damaging Movants and other AgEagle investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact.  Here, the Related Actions are putative class actions alleging violations of the federal securities laws by the same group of defendants arising from the

MEMORANDUM OF POINTS AND AUTHORITIES

1

same alleged wrongful misconduct.  As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In connection with their transactions in AgEagle securities during the Class Period, Movants incurred losses of approximately $37,188.  *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A.  Accordingly, Movants believe that they have the largest financial interest in the relief sought in the Related Actions.

Beyond their considerable financial interest, Movants also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Related Actions on behalf of the Class, Movants have selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Movants respectfully request that the Court enter an order consolidating the Related Actions, appointing them as Co-Lead Plaintiffs for the Class, and approving their selection of Pomerantz as Lead Counsel for the Class.

## II.    STATEMENT OF FACTS

As alleged in the Complaint of the first-filed of the Related Actions, AgEagle purports to be a commercial drone company.  According to AgEagle's website, the Company is engaged in the design, engineering, and manufacturing of commercial drones, as well as in providing drone services and solutions to the agriculture industry. AgEagle is incorporated in Nevada with its principal office located in Wichita, Kansas. AgEagle's common stock trades on the New York Stock Exchange ("NYSE") under the ticker symbol "UAVS."

Throughout the Class Period, Defendants made materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) AgEagle did not have a partnership with Amazon and in fact never had any relationship with Amazon; (2) rather than correct the public's understanding about a partnership with Amazon, Defendants were actively contributing to the rumor that AgEagle had a partnership with Amazon; and (3) as a result, Defendants' statements about AgEagle's business, operations, and

prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On October 14, 2020, news broke that Amazon did not have a partnership agreement with AgEagle, and in fact never did. *The Wichita Business Journal* published a story with the headline: "Exclusive: Who's AgEagle's big customer? We now know who it's not." The article, which reported that AgEagle was not partnering with Amazon, stated in part:

> Since AgEagle Aerial Systems announced its move to Wichita, speculation has swirled that it could be coming as part of a partnership with Amazon.

> But the retail giant has put the rumor to rest, with a company spokesperson telling the WBJ there is no partnership and that Amazon, to date, has not worked with AgEagle in any capacity.

> An AgEagle (NYSE: UAVS) spokesperson had no comment following the Amazon statement to the WBJ.

> The drone company, which announced plans in July to relocate from Neodesha, has been touting a "major e-commerce customer" since last year as a growth driver but has said it can't identify that customer due a confidentiality clause in its contract.

On February 18, 2021, Bonitas Research published a report revealing that AgEagle "was a pump & dump scheme orchestrated by . . . AgEagle founder and former chairman Bret Chilcott and other UAVS insiders to defraud US investors." The Bonitas Research report continued:

> In April 2020 rumor of a partnership between Amazon.com, Inc. ("Amazon", Nasdaq: AMZN) & AgEagle was started by a promotional video uploaded to AgEagle's founder and former chairman Bret Chilcott's

daughter's personal website and youtube account (the "Promo Video"). Since then, a 54 page due diligence document has circulated on Reddit which at various times referenced the Promo Video and suggested that the AgEagle's partnership with Amazon was real.

We have found no evidence of any "major e-commerce customer" or any drone technology credited to AgEagle other than reference to the Promo Video leaked by AgEagle's founder and former Chairman Bret Chilcott's daughter.

In 4Q'20 an Amazon spokesperson disclosed to reporter Daniel McCoy of the Witchita Business Journal that Amazon specifically does not have any dealings with AgEagle whatsoever.

On this news, shares of AgEagle, fell $5.13, or 36.4%, to close at $8.96 on February 18, 2021, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid

unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4-8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of AgEagle's securities and subsequently damaged the Class

when the Company's share price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133, at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## B.   MOVANTS SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Movants should be appointed Co-Lead Plaintiffs because, to their knowledge, they have the largest financial interest in the Related Actions and otherwise meet the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiffs in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the

MEMORANDUM OF POINTS AND AUTHORITIES

presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that

plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants satisfy all three of these criteria and thus are entitled

to the presumption that they are the most adequate plaintiffs of the Class and, therefore,

should be appointed Co-Lead Plaintiffs for the Class.

### 1.    Movants Are Willing to Serve as Class Representatives

On February 26, 2021, counsel for plaintiff in the first-filed of the Related Actions

caused a notice to be published over *Businesswire* pursuant to Section 21D(a)(3)(A)(i) of

the PSLRA (the "Notice"), which announced that a securities class action had been filed

against Defendants, and advised investors of AgEagle securities that they had until April

27, 2021—*i.e.*, 60 days from the date of the Notice—to file a motion to be appointed as

Lead Plaintiff.  *See* Pafiti Decl., Ex. B.

Movants have filed the instant motion pursuant to the Notice and have attached

sworn Certifications attesting that they are willing to serve as representatives for the

Class and to provide testimony at deposition and trial, if necessary.  *See* Pafiti Decl., Ex.

MEMORANDUM OF POINTS AND AUTHORITIES

8

C.  Accordingly, Movants satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

### 2.  Movants Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of their knowledge, Movants have the largest financial interest of any AgEagle investor seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997).  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.  *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("District courts have typically considered the [*Lax*] factors to determine who has the largest financial interest[.]" (internal quotation marks and citations omitted)); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013) (same); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (N.D. Cal. Jan. 9,

2012) (same).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18-*19.

During the Class Period, Movants (1) purchased 14,100 shares of AgEagle securities; (2) expended $175,505 on their purchases of AgEagle securities; (3) retained 7,500 of their shares of AgEagle securities; and (4) as a result of the disclosures of the fraud, suffered a loss of $37,188 in connection with their purchases of AgEagle securities.  *See* Pafiti Decl., Ex. A.  Because Movants possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiffs.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.   Movants Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at *9 (N.D. Cal. Aug. 11, 2014). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at *13 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

The claims of Movants are typical of those of the Class. Movants allege, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning AgEagle, or by omitting to state material facts necessary to make the statements they did

make not misleading. Movants, as did all Class members, purchased AgEagle securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Movants are adequate representatives for the Class. Here, Movants have submitted signed Certifications declaring their commitment to protecting the interests of the Class. *See* Pafiti Decl., Ex. C. There is no antagonism between the interests of Movants and those of the Class, and their significant financial interest demonstrates that they have a sufficient interest in the outcome of this litigation that gives them an incentive to vigorously prosecute fraud claims on behalf of the Class. Moreover, Movants have retained counsel highly experienced in vigorously and efficiently

prosecuting securities class actions such as these Related Actions, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Further demonstrating their adequacy, Movants have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, investing experience, understanding of the responsibilities of Co-Lead Plaintiffs pursuant to the PSLRA, decision to seek Movants' appointment as Co-Lead Plaintiffs, and the steps that Movants are prepared to take to prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. D.

### 4. Movants Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Movants as Co-Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or

> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Movants to fairly and adequately represent the Class has been discussed above. Movants are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class.

MEMORANDUM OF POINTS AND AUTHORITIES

13

## C.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected Pomerantz as Lead Counsel for the Class.  Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume.  *See* Pafiti Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *Id.*  Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company.  *See id.*

As a result of their extensive experience in similar litigation, Movants' choice of counsel, Pomerantz, have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute the Class's claims in this litigation effectively and expeditiously. The Court may be assured that by approving Movants' selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, Movants respectfully urge the Court to appoint Pomerantz to serve as Lead Counsel.

## IV.  CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Movants as Co-Lead Plaintiffs for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

Dated:  April 27, 2021                    POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Movants and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165

Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Movants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


*/s/ Jennifer Pafiti*
Jennifer Pafiti