**ROSMAN & GERMAIN LLP**
DANIEL L. GERMAIN (Cal. Bar #143334)
  germain@lalawyer.com
16311 Ventura Boulevard, Ste. 1200
Encino, CA 91436
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
NAUMON A. AMJED
  namjed@ktmc.com
RYAN T. DEGNAN
  rdegnan@ktmc.com
KARISSA J. SAUDER
  ksauder@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Johnavo Chris Bradley and
Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| SHAWN LOPEZ, Individually and on behalf of all others similarly situated, | No. 2:21-cv-01810 CAS (Ex) |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS** |
| AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARRETT MOONEY, | |
| Defendants. | |
| | Date:  June 7, 2021 |
| | Time:  10:00 a.m. |
| | Courtroom:  8D |
| | Judge:  Hon. Christina A. Snyder |
| | <u>ORAL ARGUMENT REQUESTED</u> |

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

CRISTIAN JESÚS MERINO MADRID, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARRETT MOONEY,

Defendants.

No. 2:21-cv-01991 CAS (Ex)

## TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT...............................................................................1

II.  ARGUMENT .........................................................................................................4

    A.   The Related Actions Should Be Consolidated.........................................4

    B.   Mr. Bradley Should Be Appointed Plaintiff...........................................4

        1.   Mr. Bradley Has the Largest Financial Interest...........................5

        2.   Mr. Bradley Satisfies the Relevant Requirements of Rule 23 ...........................................................................................6

    C.   Mr. Bradley's Selection of Counsel Should Be Approved.....................7

    D.   The Competing Motions Should Be Denied.............................................7

III. CONCLUSION .....................................................................................................8

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS
CASE NOS.: 2:21-CV-01810 CAS (Ex), *ET AL*.

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrade v. Am. Apparel, Inc.*,
   No. 10-06352 MMM (PJWx),
   2011 WL 13130706 (C.D. Cal. Mar. 15, 2011) ................................................... 4, 6

*Bo Young Cha v. Kinross Gold Corp.*,
   No. 12 Civ. 1203(PAE),
   2012 WL 2025850 (S.D.N.Y. May 31, 2012) ..................................................... 2, 5

*In re Cavanaugh v. U.S. Dist. Court for the N. Dist. Of Cal.*,
   306 F.3d 726 (9th Cir. 2002) .................................................... 1-2, 3, 4, 7

*In re Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009) .................................................... 3, 7

*Dura Pharmaceuticals, Inc. v. Broudo*,
   544 U.S. 336 (2005) ................................................................. 8

*Eichenholtz v. Verifone Holdings, Inc.*,
   No. C 07–06140 MHP,
   2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) ......................................... 8

*Kniffin v. Micron Tech., Inc.*,
   379 F. Supp. 3d 259 (S.D.N.Y. 2019) ..................................................... 8

*Nicolow v. Hewlett Packard Co.*,
   Nos. 12-05980 CRB, *et al.*,
   2013 WL 792642 (N.D. Cal. Mar. 4, 2013) ................................................ 2, 5, 6

*Tsirekidze v. Syntax-Brillian Corp.*,
   Nos. CV-07-2204-PHX-FJM, *et al.*,
   2008 WL 942273 (D. Ariz. Apr. 7, 2008) ............................................... 9

**Statutes**

15 U.S.C. § 78u-4(a) ...................................................................... *passim*

Memorandum of Points and Authorities in Further Support of the Motion of Johnavo Chris Bradley for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel and in Opposition to the Competing Motions Case Nos.: 2:21-cv-01810 CAS (Ex), *et al.*

ii

Johnavo Chris Bradley ("Mr. Bradley") respectfully submits this memorandum of points and authorities in further support of his motion (ECF No. 24) and in opposition to the competing motions.[1]

## I.    PRELIMINARY STATEMENT

On April 27, 2021, Mr. Bradley filed a timely motion under the PSLRA for an Order: (1) consolidating the above-captioned Related Actions; (2) appointing Mr. Bradley as Lead Plaintiff; (3) approving his selection of Kessler Topaz as Lead Counsel for the class and Rosman & Germain as Liaison Counsel for the class; and (4) granting any such further relief as the Court may deem just and proper.

In addition to Mr. Bradley's motion, motions seeking appointment as Lead Plaintiff were also filed by: (1) Qian Zhao (ECF No. 11); (2) Iesada Nariyoshi and Joseph Samia (ECF No. 26); (3) Dean M. Harmon Jr. (ECF No. 9); (4) Ieseda Nariyoshi, individually (ECF No. 17); (5) Peter A. Young (ECF No. 20); and (6) Richard Allen, Liyuan Wei, and Bruce Morgan (the "AgEagle Investor Group") (ECF No. 15). Qian Zhao, Iesada Nariyoshi and Joseph Samia, Dean M. Harmon, Jr., Iseda Nariyoshi, and the AgEagle Investor Group have subsequently withdrawn their respective motions or filed notices of non-opposition to Mr. Bradley's motion. *See* ECF Nos. 31, 32, 33, 34, & 35.

A straightforward application of the PSLRA provides that the "most adequate plaintiff"—the plaintiff entitled to appointment as lead plaintiff—is the movant asserting the largest financial interest that also makes a *prima facie* showing of typicality and adequacy. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh v. U.S. Dist. Court for the N. Dist. Of Cal.*, 306 F.3d 726, 729-30 (9th Cir. 2002)

---

[1]    Unless otherwise noted, all references to "ECF No. ___" are to docket entries in the first-filed *Lopez* action. All capitalized terms are defined in Mr. Bradley's opening brief, unless otherwise indicated. *See* ECF No. 24-1.

Memorandum of Points and Authorities in Further Support of the Motion of Johnavo Chris Bradley for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel and in Opposition to the Competing Motions Case Nos.: 2:21-cv-01810 CAS (Ex), *et al.*

1

(discussing the process for selecting a lead plaintiff under the PSLRA).  Here, Mr. Bradley is the presumptive Lead Plaintiff under the analysis required by the PSLRA and the Ninth Circuit.

*First*, as detailed below, Mr. Bradley has the "largest financial interest" in this litigation:

| Movant | Claimed LIFO Losses[2] |
|---|---|
| Mr. Bradley | $77,852 |
| ~~Qian Zhao~~ | ~~$68,724~~ |
| ~~Iesada Nariyoshi and Joseph Samia~~ | ~~$37,188~~ |
| ~~Dean M. Harmon Jr.~~ | ~~$25,359~~ |
| ~~Iesada Nariyoshi~~ | ~~$19,452~~ |
| Peter A. Young | $18,006 |
| ~~AgEagle Investor Group~~ | ~~$17,410~~ |

*Second*, in addition to asserting the dominant financial interest, Mr. Bradley satisfies the typicality and adequacy requirements of Rule 23 and is perfectly situated to represent all class members.  Indeed, as set forth in the declaration accompanying

---

[2]    LIFO is the preferred and most-widely-accepted methodology for calculating movants' losses.  *See Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203(PAE), 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012) (observing that "the overwhelming trend . . . nationwide has been to use LIFO") (citations omitted); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB, *et al.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("The weight of authority puts the most emphasis on the competing movants' estimated losses, using a last in, first out (LIFO) methodology.") (internal quotation marks and citations omitted).  The movants' LIFO losses are taken from their respective filings.

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL.*

2

his motion, Mr. Bradley fully understands the Lead Plaintiff's responsibilities and obligations to the class under the PSLRA, which include acting as a fiduciary for all class members, staying informed about the litigation, participating in court proceedings, depositions, settlement mediations, and hearings as needed, and communicating regularly with counsel, including reviewing and authorizing the filing of important litigation documents, and is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this litigation.  ECF No. 24-6.

*Third*, because there is no "proof" to rebut Mr. Bradley's presumptive status as the most adequate plaintiff under the PSLRA, Mr. Bradley is entitled to appointment as Lead Plaintiff and the competing motions must be denied.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *Cavanaugh*, 306 F.3d at 741 ("by statute, the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class'") (citation omitted).

*Fourth*, Mr. Bradley has selected Kessler Topaz as Lead Counsel.  Kessler Topaz is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for injured shareholders.  Thus, Kessler Topaz is highly qualified to prosecute this case and should be appointed Lead Counsel for the class.  *See In re Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 709 (9th Cir. 2009) ("The statute expressly provides that lead plaintiff has the power to select lead counsel . . . .") (citations omitted).  Rosman & Germain is similarly well-qualified to serve as Liaison Counsel for the class.

Accordingly, Mr. Bradley respectfully requests that the Court grant his motion it its entirety and deny the competing motions.

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL.*

3

## II.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

All movants agree that consolidation of the above-captioned actions is appropriate.    Accordingly, the above-captioned Related Actions, which present identical factual and legal issues arising out of the same alleged course of misconduct and involve the purchase of AgEagle securities, during identical class periods, at artificially inflated prices, should be consolidated pursuant to Rule 42(a).  *See Andrade v. Am. Apparel, Inc.*, No. 10-06352 MMM (PJWx), 2011 WL 13130706, at *3 (C.D. Cal. Mar. 15, 2011) (quoting Rule 42(a)).

### B.    Mr. Bradley Should Be Appointed Plaintiff

Under the PSLRA, the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23" is the presumptively most adequate plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729 ("While [the PSLRA] contains a number of requirements, it is neither overly complex nor ambiguous . . . .") (citation omitted).  The process is sequential and the Court must appoint the presumptively "most adequate plaintiff" unless a competing movant can provide "***proof***" that the movant will not fairly and adequately represent the class or is subject to unique defenses.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added); *see also Cavanaugh*, 306 F.3d at 729 n.2 (explaining that the "[PSLRA] sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff" and requires "proof" to rebut the presumption) (citation omitted).  Because Mr. Bradley is the presumptively most adequate plaintiff to represent the class and no "proof" exists that could rebut that presumption, Mr. Bradley is entitled to appointment as Lead Plaintiff.

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL.*

4

### 1.   Mr. Bradley Has the Largest Financial Interest

In determining whether a movant has the largest financial interest, courts in the Ninth Circuit and across the country routinely look to the movant's asserted losses under the LIFO methodology. *See, e.g.*, *Nicolow*, 2013 WL 792642, at *4 ("The weight of authority puts the most emphasis on the competing movants' estimated losses, using a last in, first out (LIFO) methodology.") (internal quotation marks and citations omitted); *Kinross*, 2012 WL 2025850, at *3 ("the overwhelming trend . . . nationwide has been to use LIFO to calculate such losses") (citations omitted).[3]

Based on each movant's respective submissions to the Court, it cannot be disputed that Mr. Bradley suffered the largest loss in connection with his Class Period transactions in AgEagle securities, and thus, possesses the largest financial interest:



---

[3]   In addition to asserting the largest loss, the most important factor, Mr. Bradley prevails under every other metric courts normally use to assess financial interest. *See Nicolow*, 2013 WL 792642, at *4 (referencing "the four-factor *Olsten–Lax* test") (citation omitted).  Mr. Bradley purchased the most total shares (112,966), purchased the most net shares (9,795), and expended the most net funds ($147,029) of the competing movants. *See* Supplemental Declaration of Daniel L. Germain in Support of the Motion of Johnavo Chris Bradley, Exhibit A.

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

5

Accordingly, Mr. Bradley should be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also Nicolow*, 2013 WL 792642, at *8 (appointing movant with largest LIFO losses).

## 2.  Mr. Bradley Satisfies the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, Mr. Bradley also satisfies the applicable requirements of Rule 23—adequacy and typicality. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Andrade*, 2011 WL 13130706, at *5 (explaining that a lead plaintiff movant need only make "a prima facie showing that he satisfies the [typicality and adequacy] requirements of Rule 23") (citations omitted).

As demonstrated in his opening brief, Mr. Bradley's claims are typical of the claims of the class. *See generally* ECF No. 24-1. Like all other class members, Mr. Bradley: (1) purchased AgEagle securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby. Mr. Bradley also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Additionally, Mr. Bradley also has a sufficient interest in this case to ensure the vigorous prosecution of this litigation, and as demonstrated in his declaration, ECF No. 24-6, is fully committed to prosecuting this action efficiently and in the best interests of the class. Thus, Mr. Bradley's interests are clearly aligned with other class members and there is no evidence of any conflicts. *See Andrade*, 2011 WL 13130706, at *7 (explaining that the adequacy element is satisfied where: (1) the movant has "a sufficient interest in the outcome of the case to ensure vigorous advocacy"; (2) the movant's "interests are not antagonistic to the interests of absent class members"; and (3) the movant's proposed "counsel for the class is qualified and competent") (citations omitted).

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL.*

6

Because he possesses the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23, Mr. Bradley should be appointed as Lead Plaintiff.

### C.    Mr. Bradley's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen*, 586 F.3d at 712 ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citations omitted). Accordingly, Mr. Bradley's selection of Kessler Topaz and Rosman & Germain— firms with significant experience prosecuting complex securities class actions—as Lead Counsel and Liaison Counsel, respectively, should be approved.

### D.    The Competing Motions Should Be Denied

As set forth above, each of the six other movants claims losses smaller than those suffered by Mr. Bradley. Moreover, no "proof" exists to rebut Mr. Bradley's presumptive status as the most adequate plaintiff under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *Cavanaugh*, 306 F.3d at 741 ("by statute, the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class'") (citation omitted). This, without more, is sufficient to deny the competing movants' motions under the PSLRA's "straightforward" lead plaintiff selection process. *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status[.]").

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

7

## III.    CONCLUSION

For the reasons set forth above, Mr. Bradley respectfully requests that the Court: (1) consolidate the above-captioned Related Actions; (2) appoint Mr. Bradley as Lead Plaintiff; (3) approve Mr. Bradley's selection of Kessler Topaz as Lead Counsel and Rosman & Germain as Liaison Counsel for the class; and (4) grant such other relief as the Court may deem just and proper.

Dated: May 17, 2021                                    Respectfully submitted,

                                                       **ROSMAN & GERMAIN LLP**

                                                       */s/ Daniel L. Germain*
                                                       DANIEL L. GERMAIN (Cal. Bar # 143334)
                                                           germain@lalawyer.com
                                                       16311 Ventura Boulevard, Ste. 1200
                                                       Encino, CA 91436
                                                       Telephone: (818) 788-0877
                                                       Facsimile: (818) 788-0885

                                                       *Proposed Liaison Counsel for the Class*

                                                       **KESSLER TOPAZ**
                                                         **MELTZER & CHECK, LLP**
                                                       NAUMON A. AMJED
                                                           namjed@ktmc.com
                                                       RYAN T. DEGNAN
                                                           rdegnan@ktmc.com
                                                       KARISSA J. SAUDER
                                                           ksauder@ktmc.com
                                                       280 King of Prussia Road
                                                       Radnor, PA 19087
                                                       Telephone: (610) 667-7706
                                                       Facsimile: (610) 667-7056

                                                       *Attorneys for Johnavo Chris Bradley and Proposed Lead Counsel for the Class*

---

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.