Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*

**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Peter A. Young and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN LOPEZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARRETT MOONEY, <br><br> Defendant. | Case No. 2:21-cv-01810-CAS-E <br><br> **PETER A. YOUNG'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL** <br><br> Date: June 7, 2021 <br> Time: 10:00 a.m. <br> Crtrm.: 8D <br> Judge: Christina A. Snyder |
| CRISTIAN JESÚS MERINO MADRID, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARETT MOONEY | Case No. 2:21-cv-01991-CAS-E |

YOUNG OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

Lead Plaintiff Movant Peter A. Young ("Young") respectfully submits this memorandum of law in opposition to the six competing motions for appointment as lead plaintiff and approval of lead counsel (Dkt. Nos. 9, 11, 15, 17, 24, 26).[1]

## I. INTRODUCTION

Seven competing motions for appointment as lead plaintiff and approval of lead counsel were originally filed in this action pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Young (Dkt. No. 20); Johnavo Chris Bradley ("Bradley") (Dkt. No. 24); Qian Zhao ("Zhao") (Dkt. No. 11); Iesada Nariyoshi and Joseph Samia (the "Nariyoshi/Samia Group") (Dkt. No 26); Dean M. Harmon Jr. ("Harmon") (Dkt. No. 9); Iesada Nariyoshi individually ("Nariyoshi") (Dkt. No. 17); and Bruce Morgan, Liyuan Wei, and Richard Allen (the "Morgan/Wei/Allen Group") (Dkt. No. 15). Notably, Nariyoshi filed both an individual lead plaintiff motion and a lead plaintiff motion as a member of the Nariyoshi/Samia Group.

Five of the seven movants subsequently withdrew from consideration. Nariyoshi withdrew his individual lead plaintiff motion on April 28, 2021 (*see* Dkt. No. 31). The Morgan/Wei/Allen Group withdrew their motion on April 30, 2021 (*see* Dkt. No. 32). Harmon filed a notice informing the Court that he does not oppose the competing motions on May 14, 2021 (*see* Dkt. No. 33). And Zhao and the Nariyoshi/Samia Group filed notices informing the Court that they do not oppose the competing motions on May 17, 2021 (*see* Dkt. Nos. 34, 35). As such, these motions should not be considered[2] and only two movants remain: Bradley and Young.

---

[1] No movant contests consolidation of the related actions, so only appointment of lead plaintiff and approval of lead counsel are addressed herein.

[2] *See Deora v. NantHealth, Inc.*, No. 17-cv-01825, 2017 WL 3084161, at *2 n.2 (C.D. Cal. May 31, 2017) ("Though Listokin did not withdraw her Motion, based on her Notice of Non–Opposition to the Fontaine Movants' Motion, the Court DENIES her Motion."); *Foster v. Maxwell Techs., Inc.*, No. 13-cv-00580, 2013 WL 5780424, at

With respect to the lead plaintiff determination, the question presently before the Court is which of these two remaining movants is the "most adequate plaintiff"— *i.e.*, the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). The presumption may be rebutted, however, by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Bradley claims to have a larger financial interest than Young. However, Bradley is subject to unique defenses that disqualify him from appointment as lead plaintiff. Bradley engaged in day-trading—buying and selling large share quantities on the same day, hoping to profit on small intra-day changes in the market price. Courts in this Circuit routinely disqualify such movants because day-traders are subject to the unique defense that they did not rely on the defendants false or misleading statements when purchasing their shares. As such, Bradley is ineligible for appointment as lead plaintiff.

In contrast to Bradley, Young satisfies the adequacy and typicality requirements of Rule 23. Young also filed a timely motion and has the largest financial interest as the only remaining movant. As such, Young is the presumptively most adequate plaintiff. Since the presumption has not been rebutted, Young should be appointed lead plaintiff, and his selection of lead counsel should be approved.[3]

---

[*3] (S.D. Cal. Oct. 24, 2013) ("On June 3, 2013, the Lai Family filed a notice of non-opposition with respect to the competing pending motions for appointment as lead plaintiff. . . . Accordingly, the Lai Family's motion to be appointed as lead plaintiff is DENIED.").

[3] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

## II.     THE PSLRA PROCEDURE FOR APPOINTING A LEAD PLAINTIFF

The PSLRA mandates that the Court appoint "the most adequate plaintiff" to be lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

Once the Court identifies the presumptively most adequate plaintiff, the presumption may be rebutted only "upon proof . . . that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is rebutted, the inquiry continues to the movant with the next largest financial interest until a suitable lead plaintiff is identified.

## III.    YOUNG IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF

Young satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). First, Young filed a timely motion for appointment as lead plaintiff. Second, Young satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 21. Finally, as explained *infra*, Young is the *bona fide* movant with the largest financial interest in the relief sought by the class.

Since the PSLRA does not mandate any particular methodology for determining which movant has the largest financial interest in the relief sought by the class, district courts are free to choose any methodology that is "both rational and

consistently applied." *See Cavanaugh*, 306 F.3d at 730 n.4. Courts in this Circuit, however, generally rely on the four *Olsten-Lax* factors to determine financial interest, which include: (1) the gross number of shares purchased during the class period; (2) the net number of shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See Vancouver Alumni Asset Holdings, Inc. v. Daimler AG*, No. 16-cv-02942, 2016 WL 10646304, at *2 (C.D. Cal. July 20, 2016). Some courts hold the second factor (net shares purchased) to be the most important;[4] others consider the fourth factor (financial loss) to be the most important.[5] Bradley and Young's position with respect to these factors is represented in the chart below.

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | Loss |
|---|---|---|---|---|
| ~~Johnavo Chris Bradley~~ | ~~112,966~~ | ~~9,795~~ | ~~$147,067.73~~ | ~~$77,890.54~~ |
| Peter A. Young | 3,490 | 3,490 | $49,276.10 | $18,005.70 |

As explained below, however, Bradley is subject to unique defenses. As such, Young is the only remaining *bona fide* movant with a financial interest in this action. Since Young also filed a timely motion and satisfies the typicality and adequacy requirements of Rule 23, Young is the presumptively most adequate plaintiff.

## IV.    BRADLEY IS INELIGIBLE FOR APPOINTMENT AS LEAD PLAINTIFF

Bradley is subject to unique defenses because he is a day-trader. A unique defense need not be ironclad to be disqualifying. The possibility that the unique

---

[4] *See, e.g.*, *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999) ("[T]he candidate with the most net shares purchased will normally have the largest potential damage recovery."); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001) ("The Court considers [net shares purchased] the most straightforward method for approximation of financial interest in the recovery sought, but considers that it should be supplemented with in/out losses, i.e., losses suffered by selling shares during the class period.").

[5] *See, e.g.*, *Fitbit*, 2016 WL 2654351, at *3 ("The last of these factors typically carries the most weight.").

defense might become the focus of the litigation and distract from the more central class-wide issues is sufficient. *See In re Peregrine Sys., Inc. Sec. Litig.*, No. 02-cv-00870, 2002 WL 32769239, at *7 (S.D. Cal. Oct. 11, 2002) ("[W]hether these defenses will be successful is of no matter. The fact that plaintiffs will be subject to such defenses renders their claims atypical of other class members.") (quoting *Landry v. Price Waterhouse Chartered Accountants*, 123 F.R.D. 474, 476 (S.D.N.Y. 1989)); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) (disqualifying a lead plaintiff movant who was merely "vulnerabl[e]" to a unique defense that may or may not be successful, reasoning that the potential for the unique defense was "sufficient to dispute his adequacy and typicality") (citing *Applestein v. Medivation Inc.*, No. 10-cv-00998, 2010 WL 3749406, at *4 (N.D. Cal. Sept. 20, 2010)); *In re Netflix, Inc., Sec. Litig.*, No. 12-0225, 2012 WL 1496171, at *5 (N.D. Cal. Apr. 27, 2012) ("There is no requirement at this early stage to prove a defense, only to show a degree of likelihood that a unique defense might play a significant role at trial.").

Bradley bought and sold tens of thousands of AgEagle shares within the same day multiple times. *See* Dkt. No. 24-4 (Bradley's Loss Chart). For example, on February 1, 2021, he purchased 70,171 shares and sold 36,100 shares over many transactions at different prices. *Id.* The next day, February 2, 2021, he purchased 33,000 shares and sold 34,071 shares over many transactions at different prices. *Id.* As a result of these transactions, Bradley was holding 33,000 shares. However, he sold all 33,000 shares the next day, February 3, 2021. *Id.* This is day-trading.

Day-traders typically focus on "technical price movements rather than price," and are therefore subject to the unique defense that they would have purchased the shares at issue "regardless of the misstatement/omission." *Applestein*, 2010 WL 3749406, at *3; *see also Tsirekidze v. Syntax-Brillian Corp.*, No. 07-cv-2204, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) ("Such a high-volume day trader might be subject to the unique defense that frantic trading belies any true reliance on company

reports or even on the integrity of the stock price itself."); *Eichenholtz v. Verifone Holdings, Inc.*, No. 07-cv-06140, 2008 WL 3925289, at \*10-\*11 (N.D. Cal. Aug. 22, 2008) (day-traders "may be subject to a unique defense regarding [their] reliance upon publicly available information."); *Hurst v. Enphase Energy, Inc.*, No. 20-cv-04036, 2020 WL 7025085, at \*7 (N.D. Cal. Nov. 30, 2020) (same); *Peregrine*, 2003 WL 23955714, at \*3 ("Poe may be subject to the unique defense that he relied not on any misstatement or omission of material fact when deciding to buy or sell, but instead on the daily fluctuations in the stock price."). Accordingly, any presumption that Bradley is the most adequate plaintiff is rebutted.[6]

\*       \*       \*

Since Bradley is ineligible for appointment as lead plaintiff, Young is the only remaining *bona fide* movant. Young is also the presumptively most adequate plaintiff because he filed a timely motion, satisfies the typicality and adequacy requirements of Rule 23, and is the only remaining movant with a financial interest.

## V.   THE PRESUMPTION THAT YOUNG IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

No proof has been presented that Young would be inadequate or subject to unique defenses. Moreover, Young is not aware of any possible basis for such a contention. As such, Young should be appointed as lead plaintiff, and no other movant is entitled to consideration. See *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").

---

[6] While Zhao and the Nariyoshi/Samia Group originally claimed a larger financial interest than Young and could have also challenged Bradley's adequacy as a day-trader, they declined—possibly because they too have adequacy issues. In particular, Zhao did not hold any shares over an alleged corrective disclose, and therefore has no loss and is subject to unique loss causation defenses. Nariyoshi and his group are inadequate because Nariyoshi filed two competing lead plaintiff motions and certified conflicting transaction data.

## VI.   THE LEAD PLAINTIFF'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Cavanaugh*, 306 F.3d at 732 n.11 ("Congress gave the lead plaintiff . . . the power to select a lawyer for the class."). As such, a Court should only interfere with the lead plaintiff's choice of counsel if the choice "is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff." *Id.* at 733.

Here, Young has selected Glancy Prongay & Murray LLP to be lead counsel. Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to effectively conduct this litigation. *See* Dkt. No. 22-4 (Glancy Prongay & Murray LLP firm résumé). The firm has decades of experience successfully representing injured investors. *See id.* By approving Young's selection of counsel, the Court may be assured that the class will receive the highest caliber of legal representation. Accordingly, Young's selection of lead counsel for the class should be approved. *See Kinney v. Capstone Turbine Corp.*, No. 15-cv-8914, 2016 WL 5341948, at *4 (C.D. Cal. Feb. 29, 2016) (appointing Glancy Prongay & Murray LLP as lead counsel).

## VII.   CONCLUSION

For the foregoing reasons, Young respectfully requests that the Court enter an Order: (1) consolidating the related actions; (2) appointing Young as Lead Plaintiff; (3) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (4) denying the competing motions.

DATED:  May 17, 2021

**GLANCY PRONGAY & MURRAY LLP**

By:   *s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Peter A. Young and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On May 17, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 17, 2021, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan