Robert V. Prongay (SBN 270796)
 *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
 *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
 *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Peter A. Young and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN LOPEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARRETT MOONEY,<br><br>Defendant. | Case No. 2:21-cv-01810-CAS-E<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT IF PETER A. YOUNG'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>Date: June 7, 2021<br>Time: 10:00 a.m.<br>Crtrm.: 8D<br>Judge: Christina A. Snyder |
| CRISTIAN JESÚS MERINO MADRID, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARETT MOONEY | Case No. 2:21-cv-01991-CAS-E |

Lead Plaintiff Movant Peter A. Young ("Young") respectfully submits this reply memorandum of law in further support of his motion for consolidation of related actions, appointment as lead plaintiff, and approval of lead counsel (Dkt. No. 20), and in response to the opposition memorandum filed by Johnavo Chris Bradley ("Bradley") (Dkt. No. 36, the "Bradley Opp.").

## I.    INTRODUCTION AND STANDARD

Only two of the original seven movants remain: Young and Bradley. The question presently before the court is which of these two movants is the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). While the movant with the "largest financial interest" is initially presumed to be the most adequate plaintiff, the presumption is rebutted if he is shown to be inadequate or subject to unique defenses. If the presumption is rebutted, the presumption moves to the movant with the next largest financial interest until a suitable lead plaintiff is identified.

## II.    BRADLEY IS INELIGIBLE FOR APPOINTMENT AS LEAD PLAINTIFF BECAUSE HE IS SUBJECT TO UNIQUE DEFENSES

Bradley claims to have a larger financial interest than Young. However, Bradley is subject to the unique defense that he is a day-trader. As illustrated in Young's opposition memorandum (Dkt. No. 37, "Young Opp."), Bradley purchased and sold tens of thousands of shares on the same day multiple times. Young Opp. at 5. In fact, Bradley expended approximately ***$1.29 million*** purchasing AgEagle shares and recouped approximately ***$1.15 million*** selling those same shares. *See* Dkt. No. 24-4 (Bradley's Loss Chart). This massive buying and selling was all done over a period of just five days—from February 1, 2021 to February 5, 2021. Bradley's claimed loss of $77,851 is a rounding error relative to his day-trading.

Day-traders are subject to unique defenses because there is a question as to whether they relied on the company's false or misleading representations when making their investment decisions. *See* Young Opp. at 5-6. Bradley does not

identify in his opening papers or opposition memorandum any representations by AgEagle that relied on to justify his rapid buying and selling over those five days in February 2021. The only reasonable conclusion is that Bradley was focused on "'technical price movements rather than price,' and therefore [is] subject to a defense [that he] would have purchased the stock at issue 'regardless of the misstatement/omission.'" *Applestein v. Medivation Inc.*, No. 10-cv-00998, 2010 WL 3749406, at *3 (N.D. Cal. Sept. 20, 2010) (citation omitted).

Moreover, the fact that Bradley claims to have retained a small fraction of his class period purchases through the end of the class period does not remedy the problems associated with his day-trading. *See Hurst v. Enphase Energy, Inc.*, No. 20-cv-04036, 2020 WL 7025085, at *8 (N.D. Cal. Nov. 30, 2020) ("[Movants] sold the lion's share of their class period . . . stock acquisitions prior to [the corrective disclosure]. As such, the Court has serious concerns about their vulnerability to a defense that they were trading in response to information other than the alleged misstatements and omissions made.").

Bradley's day-trading also gives rise to the unique defense that some of his losses are not recoverable for want of loss causation. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342 (2005) ("Shares are normally purchased with an eye toward a later sale. But if, say, the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss."); *Eichenholtz v. Verifone Holdings, Inc.*, No. 07-cv-06140, 2008 WL 3925289, at *3 (N.D. Cal. Aug. 22, 2008) ("[I]t is clear that under *Dura* and its progeny, any losses that [a plaintiff] may have incurred before [defendant's] misconduct was ever disclosed to the public are not recoverable, because those losses cannot be proximately linked to the misconduct at issue in this litigation.") (citation omitted). Approximately $34,000 of Bradley's claimed loss (nearly half) falls into this "unrecoverable" category because it is the result of his rapid buying and selling.

Bradley's day-trading and losses attributable to day-trading are certain to become a point of attack for the defendants at class certification and summary judgement. This is disqualifying because it will distract from the issues common to the class. *See Applestein*, 2010 WL 3749406, at \*4 (disqualifying a movant because the unique defense "could become the focus of the litigation, distracting from the central issue: did [the company] commit a fraud on the market?"). Accordingly, any presumption that Bradley is the "most adequate plaintiff" is rebutted.

## III. YOUNG SHOULD BE APPOINTED AS LEAD PLAINTIFF BECAUSE HE IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF AND THE PRESUMPTION HAS NOT BEEN REBUTTED

"If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

Since Bradley is disqualified, the most adequate plaintiff presumption moves to Young. Young filed a timely motion, made the required preliminary showing that he satisfies the requirements of Rule 23, and has the largest financial interest as the only remaining movant. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). With respect to Young's adequacy in particular, Young's loss of more than $18,000 ensures vigorous advocacy, Young selected competent and experienced counsel, and young has no interest antagonistic to the interests of the class. *See Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1165 (C.D. Cal. 2015) ("[Rule 23(a)'s] adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation.") (citation omitted).

Moreover, no competing movant contests Young's adequacy, and no movant claims that Young is subject to unique defenses. Any new arguments with respect to Young's adequacy made on reply should be rejected. *See Sweet v. Pfizer*, 232

F.R.D. 360, 369 (C.D. Cal. 2005) ("[I]t is improper for a party to raise a new argument in a reply brief.") (citation omitted). Since Young is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Young should be appointed as lead plaintiff.

## IV.    CONCLUSION

For the foregoing reasons, Young respectfully requests that the Court enter an Order: (1) consolidating the related actions; (2) appointing Young as Lead Plaintiff; and (3) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class.

DATED:  May 24, 2021

**GLANCY PRONGAY & MURRAY LLP**

By:    *s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Peter A. Young and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On May 24, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 24, 2021, at Los Angeles, California.

*s/ Avi Wagner*
Avi Wagner