**ROSMAN & GERMAIN LLP**
DANIEL L. GERMAIN (Cal. Bar #143334)
  germain@lalawyer.com
16311 Ventura Boulevard, Ste. 1200
Encino, CA 91436
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
NAUMON A. AMJED
  namjed@ktmc.com
RYAN T. DEGNAN
  rdegnan@ktmc.com
KARISSA J. SAUDER
  ksauder@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Johnavo Chris Bradley and
Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| SHAWN LOPEZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARRETT MOONEY,<br><br>Defendants. | No. 2:21-cv-01810 CAS (Ex)<br><br><u>CLASS ACTION</u><br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS**<br><br>Date:      June 7, 2021<br>Time:      10:00 a.m.<br>Courtroom:  8D<br>Judge:     Hon. Christina A. Snyder<br><br><u>ORAL ARGUMENT REQUESTED</u> |

CRISTIAN JESÚS MERINO MADRID, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

AGEAGLE AERIAL SYSTEMS, INC., J. MICHAEL DROZD, NICOLE FERNANDEZ-MCGOVERN, BRET CHILCOTT and BARRETT MOONEY,

Defendants.

No. 2:21-cv-01991 CAS (Ex)

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL.*

# **TABLE OF CONTENTS**

**Page**

I.    ARGUMENT ........................................................................................ 1

    A.    Mr. Bradley Is the Presumptive Lead Plaintiff ........................................ 1

    B.    No "Proof" Exists to Rebut Mr. Bradley's Presumptive Status ............. 3

        1.    Mr. Bradley Is Not a "Day Trader" ............................................... 3

        2.    Mr. Bradley Relied on the Integrity of the Market ....................... 6

        3.    Recent Case Law Rejects Mr. Young's Baseless "Day Trading" Argument as Inadequate under the PSLRA ................. 8

II.    CONCLUSION ................................................................................... 9

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Applestein v. Medivation Inc.*,
2010 WL 3749406 (N.D. Cal. Sept. 20, 2010).......................................................... 5

*In re Beyond Meat, Inc. Derivative Litig.*,
2020 WL 6826482 (C.D. Cal. May 18, 2020)................................................... 1, 5-6

*Camp v. Qualcomm Inc.*,
2019 WL 277360 (S.D. Cal. Jan. 22, 2019) ............................................................ 2

*In re Cavanaugh v. U.S. Dist. Court for the N. Dist. Of Cal.*,
306 F.3d 726 (9th Cir. 2002) ............................................................... 1, 3, 9

*Chauhan v. Intercept Pharms.*,
2021 WL 235890 (S.D.N.Y. Jan. 25, 2021) ................................................... 6, 9

*In re Diamond Foods, Inc., Sec. Litig.*,
281 F.R.D. 405 (N.D. Cal. 2012) ............................................................... 1

*Doherty v. Pivotal Software, Inc.*,
2019 WL 5864581 (N.D. Cal. Nov. 8, 2019)...................................................... 5, 6

*Eichenholtz v. Verifone Holdings, Inc.*,
2008 WL 3925289 (N.D. Cal. Aug. 22, 2008)................................................. 4-5, 5

*Hurst v. Enphase Energy, Inc.*,
2020 WL 7025085 (N.D. Cal. Nov. 30, 2020)...................................................... 5

*Karp v. Diebold Nixdorf, Inc.*,
2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019) ...................................................... 6

*Marjanian v. Allied Nevada Gold Corp.*,
2014 WL 12769810 (D. Nev. Nov. 7, 2014).................................................... 6-7

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
63 F. Supp. 3d 394 (D. Del. 2014) ............................................................ 3, 6

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

ii

*In re Peregrine Sys., Inc. Sec. Litig.*,
    2003 WL 23955714 (S.D. Cal. Jan. 30, 2003) ........................................................ 5

*Prefontaine v. Research in Motion Ltd.*,
    2012 WL 104770 (S.D.N.Y. Jan. 5, 2012) ........................................................ 7

*Rieckborn v. Velti*,
    2013 WL 6354597 (N.D. Cal. Dec. 3, 2013) ........................................................ 7

*Schueneman v. Arena Pharms., Inc.*,
    2011 WL 3475380 (S.D. Cal. Aug. 8, 2011) ........................................................ 4, 6

*Sklar v. Amarin Corp. PLC*,
    2014 WL 3748248 (D. N.J. July 29, 2014) ........................................................ 7

*Smith v. Antares Pharma, Inc.*,
    2018 WL 3611067 (D.N.J. July 27, 2018) ........................................................ 6

*In re Snap Inc. Securities Litigation*,
    334 F.R.D. 209 (C.D. Cal. 2019) ........................................................ 8, 8-9

*In re The Boeing Co. Aircraft Sec. Litig.*,
    2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ........................................................ 2

*Tsirekidze v. Syntax-Brillian Corp.*,
    2008 WL 942273 (D. Ariz. Apr. 7, 2008) ........................................................ 5

*In re UTStarcom, Inc. Sec. Litig.*,
    2010 WL 1945737 (N.D. Cal. May 12, 2010) ........................................................ 7

*In re Zynga Inc. Sec. Litig.*,
    2013 WL 257161 (N.D. Cal. Jan. 23, 2013) ........................................................ 6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................ 1

**Other Authorities**

*Day Trading: Your Dollars at Risk*, U.S. Securities and Exchange
    Commission (Apr. 20, 2005), https://www.sec.gov/reportspubs/investor-
    publications/investorpubsdaytipshtm.html ........................................................ 3

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

iii

*Rule 4210. Margin Requirements*, Financial Industry Regulatory Authority,
https://www.finra.org/rules-guidance/rulebooks/finra-rules/4210........................... 3

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF
JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS
CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

iv

Presumptive Lead Plaintiff Johnavo Chris Bradley respectfully submits this reply in further support of his motion (ECF No. 24) and in opposition to the lone remaining movant—Peter A. Young (ECF No. 20).[1]

## I.   ARGUMENT

### A.   Mr. Bradley Is the Presumptive Lead Plaintiff

Mr. Bradley is entitled to appointment as Lead Plaintiff under the analysis required by the PSLRA and the Ninth Circuit.  The PSLRA dictates that the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23" is the presumptively most adequate plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This selection process "is neither overly complex nor ambiguous" and the strong presumption provided by the PSLRA "may be overcome only upon *proof* that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *In re Cavanaugh v. U.S. Dist. Court for the N. Dist. Of Cal.*, 306 F.3d 726, 729, 741 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).  Speculation, conjecture, and innuendo are plainly insufficient to rebut the PSLRA's statutory presumption once it attaches.  *See In re Beyond Meat, Inc. Derivative Litig.*, 2020 WL 6826482, at *3 (C.D. Cal. May 18, 2020) (refusing to displace presumptively most adequate plaintiff and agreeing that competing movant's "attempts to rebut . . . presumptive lead plaintiff status amount to nothing more than speculation . . . as opposed to *proof*") (emphasis in original); *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 412 (N.D. Cal. 2012) (rejecting arguments to rebut presumptive status based on "mere speculation").

---

[1] Unless otherwise noted, all references to "ECF No. __" are to docket entries in the first-filed *Lopez* action, all emphasis is added, all internal citations are omitted, and all capitalized terms are defined in Mr. Bradley's opening and response briefs (ECF Nos. 24-1 & 36).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

1

With losses of $77,852 in connection with his Class Period transactions in AgEagle securities, it is undisputed that Mr. Bradley possesses the largest financial interest in the litigation. Indeed, Mr. Young concedes that Mr. Bradley's loss is **more than four times** the size of his loss and that Mr. Bradley prevails under every other metric courts typically use to assess financial interest. *See* ECF No. 37 at 4 (recognizing that Mr. Bradley asserts the largest loss, the most net shares purchased, the greatest net expenditures, and the most total shares purchased).

Mr. Bradley—a Senior Director of Operations at a major U.S. corporation—also readily satisfies the adequacy and typicality requirements of Rule 23. Indeed, as demonstrated in the sworn declaration submitted with his motion, Mr. Bradley is committed to fulfilling the Lead Plaintiff's responsibilities and obligations to the class under the PSLRA, including acting as a fiduciary for all class members, staying informed about the litigation, participating in court proceedings, depositions, settlement mediations, and hearings as needed, and communicating regularly with counsel, including reviewing and authorizing the filing of important litigation documents. ECF No. 24-6.

Of the other six movants who also filed timely motions, Mr. Young,[2] who claims the next to smallest loss, is the only movant challenging Mr. Bradley's motion.[3]

---

[2] Unlike Mr. Bradley who provided a declaration detailing his residence, occupation, education, investing experience, and familiarity with the responsibilities of a lead plaintiff, Mr. Young has not provided the Court with even the most basic information regarding his identity and his qualifications to represent the class. "The complete dearth of information accompanying" Mr. Young's "lead plaintiff motion leaves the Court with virtually no basis to assess [his] adequacy to lead and direct litigation potentially involving thousands of claims for tens, or perhaps hundreds, of millions of dollars." *In re The Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at *5 (N.D. Ill. Nov. 15, 2019); *see also Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) (rejecting movant that "failed to include any basic details about himself, including where he lives or who he is specifically in his motion").

[3] The five other movants withdrew their respective motions or filed notices of non-opposition. *See* ECF Nos. 31, 32, 33, 34, & 35.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

2

**B.      No "Proof" Exists to Rebut Mr. Bradley's Presumptive Status**

**1.      Mr. Bradley Is Not a "Day Trader"**

Recognizing that the plain language of the PSLRA compels Mr. Bradley's appointment as Lead Plaintiff, Mr. Young manufactures arguments that Mr. Bradley is a "day-trader." *See* ECF No. 37 at 2, 4-6. Based on this false premise, Mr. Young then speculates that Mr. Bradley is subject to unique defenses. *See id.* This argument lacks all merit, is contradicted by the evidence before the Court, and falls woefully short of the "***actual proof***" demanded by the PSLRA. *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 402, 410 (D. Del. 2014); *see also Cavanaugh*, 306 F.3d at 729 (requiring proof).

***Mr. Bradley is not a "day-trader."*** As explained by the U.S. Securities and Exchange Commission:

> Day traders ***rapidly buy and sell*** stocks ***throughout the day*** in the hope that their stocks will continue climbing or falling in value for the ***seconds to minutes*** they own the stock, allowing them to lock in quick profits. Day traders usually buy on ***borrowed money***, hoping that they will reap higher profits through leverage, but running the risk of higher losses too.[4]

Mr. Bradley's transaction records and Supplemental Declaration conclusively establish that he is not a day trader. Mr. Bradley purchased AgEagle securities on just ***three*** of the 369 trading days during the Class Period (Mr. Young purchased on ***five*** days). *See* Reply Declaration of Daniel L. Germain (the "Reply Decl."), Ex. A. ***None***

---

[4] *Day Trading: Your Dollars at Risk*, U.S. Securities and Exchange Commission (Apr. 20, 2005), https://www.sec.gov/reportspubs/investor-publications/investorpubsday tipshtm.html. Similarly, the Financial Industry Regulatory Authority ("FINRA") defines "day trading" as "the purchasing and selling or the selling and purchasing of the same security on the same day in a margin account." *Rule 4210. Margin Requirements*, Financial Industry Regulatory Authority, https://www.finra.org/rules-guidance/rulebooks/finra-rules/4210.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

of Mr. Bradley's transactions were made in margin accounts. *See id.*, Ex. B, ¶ 4 ("All of my investments in AgEagle stock were made with my own funds and did not use funds from a margin trading account").

While Mr. Young claims that Mr. Bradley purchased and sold his "shares over many transactions at different prices," ECF No. 37 at 5, Mr. Bradley's transactions were the result of just ***eight block*** purchase orders and ***four block*** sale orders that just happened to be partially executed by his broker in smaller lots. *See* Reply Decl., Ex. A; *Schueneman v. Arena Pharms., Inc.*, 2011 WL 3475380, at \*7 (S.D. Cal. Aug. 8, 2011) ("the Court is not convinced that [movant] could fairly be considered a 'day trader' [where, *inter alia*] broker execut[ed] single purchase orders through a number of separate purchase transactions throughout the day"). Mr. Bradley had no control over how his block trades would be filled and was not trading in and out of positions in quick succession to take advantage of technical price movements. *See* Reply Decl., Ex. B, ¶ 6 ("I did not direct how the orders should be filled"). Rather, Mr. Bradley acquired AgEagle shares with the intention of building a long position in the Company. *See id.*, Ex. B, ¶¶ 2, 3, 5. He sold down his positions to reduce his exposure—not to engage in day trading. *See id.*, Ex. B, ¶ 5. Ultimately, Mr. Bradley held ***all*** 9,795 shares he purchased on February 5, 2021, through the end of the Class Period on February 18, 2021. *See id.*, Ex. A. Mr. Bradley ***still*** holds these shares (Mr. Young held just 3,490 shares at the end of the Class Period). *See id.*, Ex. B, ¶ 5; ECF No. 22-2. To avoid any lingering questions, Mr. Bradley unequivocally "dispute[s]" the characterization that he is a "day trader" because it does not "describe[] [his] approach to [his] investing in AgEagle stock, which is generally predicated on a long-term investment strategy." *Id.*, Ex. B, ¶ 2.

These facts (the only actual "proof" before the Court) undermine Mr. Young's specious argument and conclusively establish that Mr. Bradley's transaction pattern is

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL.*

4

inconsistent with day trading and fundamentally different than that of the **high frequency** day traders disqualified in the case law cited by Mr. Young. *See Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) (rejecting movant with 5,000 transactions in nine months); *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273 (D. Ariz. Apr. 7, 2008) (rejecting movant with 2,000 transactions in less than two months); *In re Peregrine Sys., Inc. Sec. Litig.*, 2003 WL 23955714 (S.D. Cal. Jan. 30, 2003) (rejecting movant with more than 500 transactions on more than 120 distinct days); *Hurst v. Enphase Energy, Inc.*, 2020 WL 7025085 (N.D. Cal. Nov. 30, 2020) (rejecting movant with 475 transactions in three months); *Applestein v. Medivation Inc.*, 2010 WL 3749406 (N.D. Cal. Sept. 20, 2010) (rejecting movant with 407 transactions in the class period).[5] Simply put, Mr. Bradley's "trading record does not align with that of a 'day trader . . . .'" *Doherty v. Pivotal Software, Inc.*, 2019 WL 5864581, at *7, *7 n.6 (N.D. Cal. Nov. 8, 2019) (rejecting day trading argument as "lack[ing] the sufficient 'proof'" required by the PSLRA).

There is no basis to rebut Mr. Bradley's presumptive status under the PSLRA. *See Beyond Meat*, 2020 WL 6826482, at *3 (concluding that arguments based on

[5] Even if Mr. Bradley's trading pattern was similar to that in *Tsirekidze*, *Peregrine*, and *Eichenholtz*, the court's decision in each of these cases was not predicated solely on the movant's high-frequency trading. *See Tsirekidze*, 2008 WL 942273, at *4 (noting that "a day trader is not ipso facto disqualified from the lead plaintiff role" but "questions about [the movant group's] adequacy" exist because a member of the movant group was "initially named as a member of a competing proposed lead plaintiff [group]"); *Peregrine*, 2003 WL23955714, at *2 (expressing concern that the movant has not "presented a straightforward and fair assessment of his losses" given that he did not provide his transaction records and PSLRA-mandated certification until his reply brief, and concluding that his "interests may be more closely aligned with those of the section 10(b) claimants, or at least that his interests are divided" and that "[t]his calls into question [his] incentive to vigorously pursue recovery on behalf of the section 11 claimants"); *Eichenholtz*, 2008 WL 3925289, at *10 (concluding that a movant group (which included a day trader) was not "a proper lead plaintiff" given the "scant evidence regarding the pre-existing relationship, the leadership and the decision-making structure of the group").

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

speculation are insufficient to rebut presumptive lead plaintiff's status under the PSLRA).

### 2.   Mr. Bradley Relied on the Integrity of the Market

Not only do Mr. Bradely's trading patterns undercut arguments that he is a day trader but, in another blow to Mr. Young's speculative arguments, the evidence before the Court establishes Mr. Bradley's reliance on the integrity of the market.

Courts analyzing claims against purported "day traders" have repeatedly explained that "the fact that an investor may trade at higher volume or more frequently and could be characterized as a 'day trader' is not enough to rebut the presumption"—"[t]he opposing movant ***must provide some additional evidence*** that a presumptive lead plaintiff did not rely on market price of the shares."  *OFI*, 63 F. Supp. 3d at 403, 410 (noting that the PSLRA requires actual proof, not mere speculation); *see also, e.g.*, *Arena*, 2011 WL 3475380, at *7 ("a plaintiff's status as a purported 'day trader' is not enough in and of itself to rebut the presumption of adequacy"); *In re Zynga Inc. Sec. Litig.*, 2013 WL 257161, at *2 (N.D. Cal. Jan. 23, 2013) ("the Court finds that whether [a movant] is a day trader is inconsequential to his request to be appointed lead plaintiff"); *Pivotal*, 2019 WL 5864581, at *7 n.6 ("courts in the Ninth Circuit have held that being a day trader is not necessarily disqualifying").[6]  Mr. Young fails on this front too.

---

[6] *See also, e.g.*, *Chauhan v. Intercept Pharms.*, 2021 WL 235890, at *6 (S.D.N.Y. Jan. 25, 2021) (rejecting argument that a potential "day trader" was atypical because there was no "evidence that [the movant] did not rely on the integrity of the market price"); *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *5 n.6 (S.D.N.Y. Oct. 30, 2019) (rejecting day trader argument as "unavailing" because "day and momentum traders have the same incentives to prove defendants' liability as all other class members, and their presence in a securities class does not create intra-class conflicts"); *Smith v. Antares Pharma, Inc.*, 2018 WL 3611067, at *4 (D.N.J. July 27, 2018) (rejecting challenge where movant opened and closed his position on one trading day, but otherwise held shares long); *Marjanian v. Allied Nevada Gold Corp.*, 2014 WL 12769810, at *8 (D. Nev. Nov. 7, 2014) (appointing alleged day trader because the competing movant "failed to rebut the presumption that even if [movant] is a day trader, [movant's] investments were made at least in part in reliance on [defendant's

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

6

Here, the Supplemental Declaration **establishes** Mr. Bradley's reliance on the market's integrity.  As explained in his Supplemental Declaration, Mr. Bradley reviewed public documents regarding AgEagle during the Class Period and purchased AgEagle stock with the intention of holding the shares long-term.  Reply Decl., Ex. B, ¶ 3 (detailing Mr. Bradley's investment strategy); *see also, e.g.*, *In re UTStarcom, Inc. Sec. Litig.*, 2010 WL 1945737, at *7 (N.D. Cal. May 12, 2010) (rejecting challenge to purported day trader where plaintiff provided testimony "that he focused on publicly available information in deciding to purchase [defendant's] stock and that his investment objective was to build a long term position"); *Amarin*, 2014 WL 3748248, at *8 (rejecting challenge where movant "claim[ed] that he relied on the truth and accuracy of the public statements made by and about [the company], and did not trade based on small price movements").  His positions were reduced to limit his concentration in AgEagle stock—not to engage in day trading based on small price movements.  *See* Reply Decl., Ex. B, ¶ 5.

Any claim that Mr. Bradley's investment strategy was based on "hoping to profit on small intra-day changes in the market price," ECF No. 37 at 2, is false and further undermined by the fact that Mr. Bradley purchased 9,795 shares at approximately $11.50 per share on February 5, 2021, and retained the shares in the ensuing days, even though the price of AgEagle stock increased more than 50% and was trading as high as $17.68 per share on February 10, 2021.  *See* Reply Decl., Ex. C.  A day trader concerned with only short-term price swings (rather than the integrity of the market)

misstatements"); *Sklar v. Amarin Corp. PLC*, 2014 WL 3748248, at *7-8 (D. N.J. July 29, 2014) (concluding that movant's "claims are typical of the class, regardless whether he could be labeled a day trader"); *Rieckborn v. Velti plc*, 2013 WL 6354597, at *4 (N.D. Cal. Dec. 3, 2013) (appointing movant because the competing movant failed to show that his "extensive trading records" were "indicative of day trading"); *Prefontaine v. Research in Motion Ltd.*, 2012 WL 104770, at *4 (S.D.N.Y. Jan. 5, 2012) ("Absent evidence to the contrary, the Court presumes that [movant] has the same incentive to prove defendants' liability as all other class members-whether or not he engaged in day trading.").

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL.*

7

unquestionably would have capitalized on this sizeable price swing and liquidated its entire position at substantial profit.  Mr. Bradley did not do so.  He held with the belief that the price of AgEagle stock would continue to rise.  *See* Reply Decl., Ex. B, ¶ 5.  In contrast to Mr. Young's baseless speculation, the actual evidence before the Court establishes that Mr. Bradley relied on the integrity of the market when making investment decisions.  *See id.*

### 3. Recent Case Law Rejects Mr. Young's Baseless "Day Trading" Argument as Inadequate under the PSLRA

The Honorable Stephen V. Wilson's recent decision in *In re Snap Inc. Securities Litigation*, 334 F.R.D. 209 (C.D. Cal. 2019), is illustrative of the speculative nature of Mr. Young's challenge.  In *Snap*, defendant argued that three of the five lead plaintiffs were subject to unique defenses due to their purported status as day traders.  *See id.* at 226-27.  In dismissing this challenge, Judge Wilson noted that the lead plaintiffs' "instances of frequent trading"—much like that of Mr. Bradley here—were "relatively limited." *Id.* at 227.  Specifically, two of the challenged lead plaintiffs made just one set of matching purchased and sale transactions before holding shares longer term, and the third challenged plaintiff made three sets of matching purchase and sale transactions before holding shares longer term.  *Id.*  Here, Mr. Bradley made only two sets of matching purchase and sale transactions before holding shares through the end of the Class Period.  *See* Reply Decl., Ex. A; ECF No. 24-4.  The court explained that, "[g]iven the Supreme Court's guidance that 'it is hard to imagine that there ever is a buyer or seller who does not rely on market integrity,' short-term trading at varying points by several Lead Plaintiffs during the Class Period does not necessarily create the potential for unique defenses that would preoccupy class counsel." *Snap*, 334 F.R.D. at 227 (quoting *Basic Inc. v. Levinson*, 485 U.S. 224, 246-47 (1988)).  Moreover, Judge Wilson noted that "[p]rior district court cases finding fault with day-trading

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL.*

8

plaintiffs"—including cases cited by Mr. Young—"generally involved substantially higher trading frequencies . . . [that are] far in excess of the trading in this case." *Id.* (distinguishing *Medivation* and *Eichenholtz*).

In the end, Mr. Young provides no basis—let alone proof—to rebut Mr. Bradley's status under the PSLRA. *See also Cavanaugh*, 306 F.3d at 729 n.2 ("that the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient"); *Intercept*, 2021 WL 235890, at *6 (rejecting argument that a potential "day trader" was atypical because there was no "evidence that [the movant] did not rely on the integrity of the market price"). To the contrary, the evidence before the Court and applicable case law, establishes that Mr. Bradley's motion should be granted.

## II.    CONCLUSION

For the reasons set forth above and in Mr. Bradley's prior submissions, Mr. Bradley respectfully requests that the Court: (1) consolidate the above-captioned Related Actions; (2) appoint Mr. Bradley as Lead Plaintiff; and (3) approve Mr. Bradley's selection of Kessler Topaz as Lead Counsel and Rosman & Germain as Liaison Counsel for the class.

Dated: May 24, 2021

Respectfully submitted,

**ROSMAN & GERMAIN LLP**

*/s/ Daniel L. Germain*
DANIEL L. GERMAIN (Cal. Bar # 143334)
    germain@lalawyer.com
16311 Ventura Boulevard, Ste. 1200
Encino, CA 91436
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

*Proposed Liaison Counsel for the Class*

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS
CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

9

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
NAUMON A. AMJED
  namjed@ktmc.com
RYAN T. DEGNAN
  rdegnan@ktmc.com
KARISSA J. SAUDER
  ksauder@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Johnavo Chris Bradley
and Proposed Lead Counsel for the
Class*

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF JOHNAVO CHRIS BRADLEY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS CASE NOS.: 2:21-CV-01810 CAS (EX), *ET AL*.

10